Bergan, J.
Decision in this case is governed by the recently decided People v. Miller (24 N Y 2d 802). The cases are very similar; but since Miller was decided without opinion and the present recurrence of the problem suggests the importance of the question in the enforcement of traffic regulations, it seems useful to discuss the underlying basis of decision.
It is obvious that a traffic policeman who issues a large number of summonses for routine violations, the vast majority of which are uncontested, will be hard put to remember the person of an individual operator, especially if there is a contest raised a considerable time after the. summons is issued.
On the other hand, the traffic violations, although most of them are not crimes but traffic infractions, must be proved by standards which apply to misdemeanors generally (Vehicle and Traffic Law, § 155). This means, as a matter of practice, that proof of the offense itself, as well as the identity of the offender, must frequently rest on recollection refreshed by contemporaneously made memoranda; or such memoranda, properly established, must play a part in making out the charge prima facie.
The present case usefully illustrates the problem. The corn-planing policeman testified that on December 15, 1966 he saw a 1966 Oldsmobile failing to observe a sign at Fifty-ninth Street and South Drive in New York which read: "Do not cross white *48 line. Keep left.” He stopped the car; asked the operator for his license and for the car registration and made notations from those two documents.
The policeman testified he “ advised him of what he did” and issued a summons. There was a considerable lapse of time between the offense (December 15, 1966) and the trial, almost a year later, November 3, 1967. The papers in the record indicate that the return date of the summons was December 23,1966 and that a warrant was ordered April 13, apparently on the failure of defendant to answer the summons.
On the trial defendant appeared by counsel and was sitting somewhere in the courtroom but not otherwise identified. Counsel said: “ The defendant is in the courtroom, and I would like the officer to identify him. I have his license. (Indicating).” Oh questioning by the court, the- officer then said he could not “ pick out ” the person he had “ ticketed ”.
Nevertheless his memoranda, which are in the record, showed that he had the full name and address of the defendant; his agq and the precise date of birth on May 12, 1914; the dates of issuance and expiration of the operator’s license and the exact numerical identification number of the operator’s license, K 1219139821533396, as well as the registration, ownership and description of the car being driven.
This detailed information, coinciding with the name of defendant who had appeared in court with counsel, who had told the court he had the operator’s license in his possession, is enough to make out a case prima facie. It would be extraordinary if. a traffic policeman could remember a face or the person of an operator nearly a year after a single encounter in which a summons was issued. The delay in trial seems attributable to defendant since a warrant was issued following on the summons.
The traffic infraction itself was established by the unimpeached testimony of the officer. The identity of the offender depends, in turn, on the reliability of official entries and memoranda made contemporaneously. In this record they are sufficiently reliable to make out a case.
The judgment should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel and Jasen concur.
Judgment affirmed.