STATE OF HAWAII, Plaintiff-Appellee, *v.* JACQUELINE M. SARTAIN, also known as Jackie, Defendant, and NICHOLAS PIMENTEL, also known as Nick, Defendant-Appellant

NO. 7104

OCTOBER 24, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ., RETIRED JUSTICE MARUMOTO AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY LUM, CIRCUIT JUDGE

Defendant-appellant Nicholas Pimentel appeals from a judgment of conviction by a jury for having sold heroin and thereby committing the offense of promoting a dangerous drug in the second degree in violation of § 712-1242 of the Hawaii Revised Statutes.

I.

The State's case primarily consisted of the undercover police officer who testified that he purchased $100 worth of heroin ("$100 paper") from defendant, and the police chemist who confirmed that the purchased substance was heroin with a weight of 0.06 gram.

Defendant, while denying the sale to the officer, attempted to discredit the State's case. First, he attempted to make a comparison (give an opinion) between the amount of heroin (in evidence) allegedly purchased by the undercover officer with an amount he had seen in a "$100 paper"[1] on one

---

[1] MR. LEE (defense counsel): Have you seen the contents of a $100 paper?
THE COURT: That's something else, counsel.
THE WITNESS: Yes.
Q. (by Mr. Lee) That is what I meant initially. Have you seen how much powder

previous occasion. Purportedly, he wanted to show that what the officer allegedly purchased for $100 was less than what he (defendant) had previously seen in the "$100 paper." The court denied the testimony because it lacked the proper foundation. Second, defendant also wanted to show that $100 on the streets would have purchased approximately a quarter of a gram of heroin, more than twice the amount of heroin

---

or heroin would be involved in a $100 paper?

A. Yes.

Q. I have shown to you State's Exhibit 1A in evidence and I have opened that piece of paper. Can you tell, please, if State's Exhibit 1A contains even half the amount of the $100 paper as you experienced?

MR. NAGLE: Same objection.

THE WITNESS: No.

THE COURT: Sustained. Are you talking about one time, counsel? I mean that's no basis for foundation. I think you have to set more proper foundation, counsel.

Q. Mr. Pimentel —

THE COURT: You are only asking, has he seen a $100 paper. This could be $100 paper. What basis are you going on?

MR. LEE: I think it's proper to compare what you saw at that time as to what is present in court today.

THE COURT: Well, counsel, look, then I mean you are trying to establish a foundation from statements, from this witness saying that he knows what a $100 paper looks like.

MR. LEE: Based upon his experience.

THE COURT: Only one time?

MR. LEE: Correct.

THE COURT: I don't think that's enough foundation.

MR. LEE: Your Honor, *we're not asking for an expert opinion. We're simply asking for his own personal opinion as a layman's comparison.* (Emphasis added.)

THE COURT: Counsel, that's something else. Counsel, you're in the wrong area. Objection sustained.

   .   .   .   .

MR. LEE: Your Honor, I would like to place on the record by way of proof the fact that defendant will testify that what he observed at one time to be $100 paper and not the same as what he observed today which prosecution claims was purchased for $100. I understand that defendant is not testifying as an expert but I feel in this case we are not soliciting an expert witness as to amount and weight of something and I think it is within the province of the jury to determine his credibility and weigh in their own minds whether or not what defendant relates as to seeing in his own personal experience $100 to being—

THE COURT: Counsel—

MR. LEE: — comparable to what is presented by prosecution.

received by the undercover officer.[2] Because defendant's testimony was based upon what others had told him, and was not based upon his personal knowledge, the court ruled it was hearsay and denied its admission. In this appeal defendant alleges error by the trial court in its evidentiary rulings. Defendant alleges the court abused its discretion and denied him a fair trial. We find no error by the trial court and affirm the conviction.

Ordinarily, an opinion or conclusion of a witness may not be received in evidence. *Eastern Air Lines, Inc. v. American Cyanamid Co.*, 321 F.2d 683 (5th Cir. 1963); *Larson v. Straff*, 340 F.2d 180 (3d Cir. 1964); *Francis v. Sauve*, 222 C.A.2d 102, 34 Cal. Rptr. 754 (1963); *In re Estate of Rowley*, 257 C.A.2d 324, 65 Cal. Rptr. 139 (1968); *Hartley v. Szadkowski*, 32 A.D.2d 550, 300 N.Y.S.2d 82 (1969). However, the general rule may be relaxed when from the nature of the subject matter no better evidence can be obtained, and opinion evidence may be admitted if it will aid the triers in their search for truth.[3] *Drahota v. Wieser*, 183 Neb. 66, 157 N.W.2d 857

---

[2] Q. (Mr. Lee, defense counsel) Are you familiar with how much heroin a $100 will purchase on the street?
A. (Defendant) Yes I am.

. . . . .

Q. How is it you are familiar with it, how much $100 would purchase?
A. Environment; around from people I know that told me.

. . . .

Q. (Prosecutor) How is it, who told you as to what the amount is for a $100 heroin?
A. I can't really mention names but through the years I have been out there, just a knowledge you pick up. People come around, they tell you how much it is. How much it should be. How much it should be. And from the knowledge they tell me, that's how I knew.
Q. You have no personal knowledge yourself how much to pay for it?
A. No personal knowledge, but knowledge from here and there from people I have known.
MR. NAGLE (Prosecutor): I move to strike defendant's prior testimony as to what constitutes $100 amount since he has no personal knowledge. Also, being hearsay.
THE COURT: Motion granted.

[3] *See* Rule 701, Federal Rules of Evidence; *see also* Act 164, Rule 701, 1980 Haw. Sess. Laws 262 (to be codified in HRS ch. 626), to take effect January 1, 1981.

(1968); *Brugh v. Peterson,* 183 Neb. 190, 159 N.W.2d 321 (1968), 29 A.L.R.3d 236; *Walker v. Walker,* 106 N.H. 282, 210 A.2d 468 (1965); *Kline v. Ford Motor Co.,* 523 F.2d 1067 (9th Cir. 1975). Thus, an ordinary observer is permitted to state a natural inference from observed conditions or occurrences, or the impressions made in his mind by a number of connected facts which it is impracticable to place before the jury in detail. *Albrecht v. Broughton,* 6 C.A.3d 173, 181, 85 Cal. Rptr. 659, 664 (1970); *Eger v. May Department Stores,* 120 C.A.2d 554, 558-59, 261 P.2d 281, 284 (1953); *Brown v. Rogers,* 19 Md. App. 562, 569, 313 A.2d 547, 552 (1974); *Pavlos v. Albuquerque National Bank,* 82 N.M. 759, 760-61, 487 P.2d 187, 188-89 (1971); *McCormick on Evidence,* § 11 at 25, 26 (2d ed. E. Cleary, ed. 1972).

The receipt of opinion or conclusion evidence and the extent to which it will be received are matters resting largely in the discretion of the court. *Sherry v. Asing,* 56 Haw. 135, 531 P.2d 648 (1975); *Reagan v. Sinclair Refining Co.,* 319 F.2d 363 (5th Cir. 1963); *cert. denied,* 376 U.S. 956 (1964); *Joseph A. Bass Co. v. United States,* 340 F.2d 842 (8th Cir. 1965); *Thomas v. Cagwin,* 43 Ill. App.2d 336, 193 N.E.2d 233 (1963); *Batten v. South Seattle Water Co.,* 65 Wash.2d 547, 398 P.2d 719 (1965). The foundation for opinion evidence is also a matter within the discretion of the trial court. *Stedman v. Norlin,* 243 Minn. 389, 68 N.W.2d 393 (1955); *Trojcak v. Hafliger,* 7 Ill. App.3d 495, 288 N.E.2d 82 (1972); *Wells v. Wells,* 168 N.W.2d 54 (1969); *Crosby v. Davis,* 421 S.W.2d 138 (1967).

Turning to the case at bar, defendant was obliged to lay the proper foundation — the time, place and circumstances of the previous occasion that defendant had seen the "$100 paper." Having failed to lay the proper foundation, his opinion testimony was not admissible. Therefore, we find no abuse of discretion by the court in denying his testimony.

The trial court was also correct in holding that defendant's statement that $100 on the streets would have purchased approximately a quarter of a gram was hearsay. Evidence is hearsay when its probative force depends, in whole or in part, upon the competency or credibility of some person other than

the witness. *United States v. Ohta*, 1 U.S. Dist. Ct. Hawaii 158 (1901); *In re Sawyer's Petition, 229 F.2d 805, 809 (7th Cir. 1956), cert. denied,* 351 U.S. 966 (1956), *reh. denied,* 352 U.S. 860 (1956); *Rice v. Moudy,* 217 Ark. 816, 817, 233 S.W.2d 378, 380 (1950); *In re Porter's Estate,* 208 Okla. 475, 257 P.2d 517, 519 (1953). However, defendant on appeal contends that the trial court should have allowed the hearsay statements into evidence to enhance defendant's credibility regarding his opinion evidence. Appellate court will not consider claimed error based upon ground to which trial court's attention was not called. *State v. Hashimoto,* 46 Haw. 183, 377 P.2d 728 (1962). Consequently, we again find no abuse of discretion by the trial court here. Neither do we find that the trial court unreasonably prejudiced defendant's right to a fair trial.

The judgment below is affirmed.

*Marie N. Milks*, Deputy Public Defender, for defendant-appellant.

*Patrick Border*, Deputy Prosecuting Attorney, for plaintiff-appellee.