THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PATRICIA A. NORTHRUP, Defendant.

Justice Court of Village of Bronxville, Westchester County, December 6, 1988

### APPEARANCES OF COUNSEL

*Joseph M. Fonte* for defendant. *George R. Mayer, Village Prosecutor,* for plaintiff.

### OPINION OF THE COURT

ALAN R. WENTZEL, J.

Defendant was charged with the traffic infraction of disobeying a traffic control device in violation of section 1110 (a) of

the Vehicle and Traffic Law. Trial was held on November 2, 1988. Bronxville Police Officer J. Lattin testified that on July 9, 1988, at 5:25 P.M., while traveling east on Pondfield Road, Bronxville, he observed defendant's vehicle, which was traveling west, make a left turn from Pondfield Road to Park Place. He testified that signs prohibiting such left turns by vehicles traveling west on Pondfield Road were posted facing westbound traffic at the intersection of Park Place on the right side of Pondfield Road and on the far left side of Pondfield Road. He described the signs as consisting of an "international no left turn sign" containing an arrow turned to the left with a line across it, a printed sign approximately 18 inches by 24 inches with four-inch lettering stating "No Left Turn", and a third sign stating "9AM—6PM Monday—Saturday". Patrolman Lattin testified that he did not know whether the signs were in conformity with State regulations, but he said the signs were similar to no left turn signs he had observed elsewhere in the State.

Defendant moved to dismiss at the end of the People's case on the ground that the People had failed to make out a prima facie case of a violation of section 1110 (a) and had failed to identify defendant as the driver of the offending vehicle.

Section 1110 (c) and (d) of the Vehicle and Traffic Law contain two presumptions relating to traffic control devices. Under subdivision (c), whenever traffic control devices are placed in position approximately conforming to the requirements of the Vehicle and Traffic Law, it is presumed, in the absence of competent evidence to the contrary, that the sign was so placed pursuant to an official act or lawful authority. Subdivision (d) provides that the devices themselves, when placed pursuant to the provisions of the Vehicle and Traffic Law and purporting to conform to the requirements for such devices, are presumed to comply with the requirements of the law, unless the contrary is established by competent evidence. The purpose of these provisions is to avoid the necessity of proving strict compliance with the requirements for posting of traffic control devices through a showing that the signs in question substantially comply with those requirements and provide fair notice of the traffic regulation. (People v Lathrop, 3 NY2d 551, 553 [1958]; People v Cooper, 112 Misc 2d 277 [Justice Ct, Town of Rhinebeck 1981].)

As authorized by section 1680 of the Vehicle and Traffic Law, the requirements for turn prohibition signs are found in the New York State Manual of Uniform Traffic Control De-

vices (17 NYCRR 213.2). Sign No. R3-1 is the official sign for prohibition of left turns. The regulation depicts the sign as 24 inches by 24 inches in size, with a margin of three eighths of an inch and a border of five eighths of an inch, containing a symbol consisting of an arrow pointing to the left with a diagonal line drawn through the arrow. Section 213.2 (b) (1) (i) states that the sign should be placed in the near right and far left corners of the intersection. Thus, the description of the contents, size and locations of the signs posted at Pondfield Road and Park Place given by Patrolman Lattin at trial substantially comply with the description, size and locations required for sign No. R3-1 in the manual. Accordingly, in the absence of any evidence offered to the contrary, the People are entitled to the presumption that these signs were placed by lawful act or authority and comply with all requirements necessary to give fair notice of the traffic regulation.

Defendant contends that the People were required to prove that no police officer was directing traffic at the intersection. Under section 1110 of the Vehicle and Traffic Law, the directions of a police or traffic officer take precedence over the instructions of a traffic control device. Officer Lattin's testimony was that he was able to observe the intersection and saw defendant's vehicle turn left contrary to the sign. The court infers from this testimony that no other officer was present giving such instructions. Moreover, this is a matter which is in the nature of a defense rather than an element which the People must prove.

Finally, defendant contends that the People did not properly identify either the defendant or her vehicle in the record. Patrolman Lattin testified that he recognized the defendant in court, although he did not point her out. Defendant's counsel argued that this was a failure to identify the defendant since there were two women in the courtroom during the trial. In *People v Klepper* (25 NY2d 46 [1969]), the Court of Appeals held that when the record of a traffic infraction contains the full name and address of the defendant, his or her date of birth, the operator's license number and date of expiration, and the registration and ownership of the vehicle, a prima facie case is made out even if the police officer is unable to identify the person he ticketed. In the present record, the simplified traffic information contains the defendant's name and address, date of birth, operator's license number and date of expiration, and the registration number and description of the vehicle. This, together with Patrolman Lattin's testimony

that he recognized the defendant in court, was sufficiently reliable identification of the defendant to make out a prima facie case.

Defendant's motion to dismiss the charge is denied. The court finds defendant guilty and imposes a fine of $25 plus a $10 surcharge.