**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **HENRY SATURNO VALLEJO**, Defendant–Appellant

NO. 14946

(D. C. CASE NO. TR116P)
(CITATION NO. 2981233MO)

JANUARY 9, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT
JUDGE KAULUKUKUI, ASSIGNED BY
REASON OF VACANCY

74

OPINION OF THE COURT BY HEEN, J.

On October 11, 1990, Defendant–Appellant Henry Saturno Vallejo (Defendant) was convicted after a bench trial of operating his automobile in excess of the posted speed limit of 25 miles per hour (mph), in violation of Hawai'i Revised Statutes (HRS) § 291C–102(a) (1985).[1]

Defendant was cited for traveling at a speed of 49 mph in a 25 mph zone on Kapahulu Avenue after he was "shot" with a K–15 radar gun by the citing police officer (Officer).[2] At the trial, the Officer testified that Defendant passed a 25 mph speed limit sign posted on Kapahulu Avenue near the spot where he was shot. The Officer also testified:

---

[1] Hawai'i Revised Statutes (HRS) § 291C–102(a) (1985) provides:

**Noncompliance with speed limit prohibited.** (a) No person shall drive a vehicle at a speed greater than a maximum speed limit and no person shall drive a motor vehicle at a speed less than a minimum speed limit established by county ordinance.

[2] We take judicial notice that Kapahulu Avenue is a county highway. Rule 201(b) and (f), Hawai'i Rules of Evidence (HRE) (1985).

Q   And at the police academy, Officer, is there any type of instruction that you receive in recognizing a City and County of Honolulu or State of Hawai'i sign?

A   Yes, sir. It's posted and there's a label on the back of the sign.

Q   In this particular instance, did you check to see if there was a label on that sign?

A   No, sir. It's—I've checked it before, but not that night cause it's the same sign that was there, same sign, same post.

Q   And that label was on that sign when you last checked it?

A   Yes, sir.

Q   Okay, Officer, based upon your training and experience was, are you able to say whether or not that was an official City and County of Honolulu or State of Hawai'i speed sign?

A   Yes, sir.

Defendant's objection to the last answer was overruled.

The trial court then took judicial notice of the schedules of speed limits (Schedules) on county highways on file with the clerk of the district court and found the official speed limit on Kapahulu Avenue was 25 mph.[3]

At the close of the State's case, Defendant moved for a judgment of acquittal on the ground that the State had not proven that the speed limit had been established in one of the two ways required by HRS § 291C–102.[4]  The motion was denied.

_____

[3] Defendant does not challenge the court's statement that the schedules of speed limits (Schedules) are on file with the district court clerk. The Schedules are discussed in more detail in Part II. A., *infra.*

[4] Defendant's argument refers to HRS § 291C–102(a), *supra,* and (b), the latter of which reads as follows:

**Noncompliance with speed limit prohibited.**

Defendant rested and renewed his motion, this time arguing that HRS § 291C–31(c) (1985), which the court had relied on to find that the speed limit sign testified to by the Officer was placed under lawful authority, unlawfully shifted the burden of proof to him. Defendant's second motion was also denied, and the court adjudged him guilty.

The questions on appeal are:

(1)  whether the oral charge against Defendant was legally sufficient;

(2)  whether the State proved (a) that the speed limit had been established by ordinance; (b) that the speed limit sign was an official traffic control device; and (c) that the speed limit sign had been erected under lawful authority.

We will discuss those questions *seriatim.*

## I.

Defendant was charged as follows:

MR. HOKE: Okay. Mr. Vallejo, on or about April 19, 1990, in the District of Honolulu, City and County of Honolulu, State of Hawai'i, you did drive a motor vehicle at a speed greater than the maximum speed limit by driving at 49 miles per hour in a 25–mile–per–hour zone, in violation of Section 291C–102(a) of the Hawai'i Revised Statutes which pertains to a county road.

\* \* \*

(b)  The director of transportation with respect to highways under the director's jurisdiction may place signs establishing maximum speed limits or minimum speed limits. Such signs shall be official signs and no person shall drive a vehicle at a speed greater than a maximum speed limit and no person shall drive a motor vehicle at a speed less than a minimum speed limit stated on such signs.

Since Kapahulu Avenue is a county highway, the State needed only to prove the speed limit was established by county ordinance.

Defendant asserts that the charge was legally deficient because it did not specifically charge him with violating either a county ordinance or a state statute. The argument is without merit.

Defendant did not object to the charge below. Consequently, it will be liberally construed in favor of validity. *State v. Motta*, 66 Haw. 89, 657 P.2d 1019 (1983). If the charge reasonably includes the necessary elements of the offense charged, and the defendant is neither surprised nor prejudiced by the claimed omission, the charge will be upheld. *Id.*

Here, Defendant was clearly charged with violating HRS § 291C–102(a) and was informed that the charge "pertain[ed] to a county road." Thus, he was effectively put on notice that he had allegedly exceeded a speed limit established by a county ordinance.

Moreover, the record indicates Defendant was not misled or prejudiced by the charge. The record shows that when the court indicated it was taking judicial notice of the Schedules, Defendant produced his own set of Schedules in an effort to convince the court that Kapahulu Avenue was not listed on the Schedules.

## II.

Defendant's argument with respect to the State's burden of proof is confusing. However, we construe his argument to be that the State failed to prove (A) the ordinance establishing the speed limit; (B) that the speed limit sign was official; and (C) that the sign had been erected under lawful authority. The argument is without merit.

## A.

Speed limits for Honolulu county roads are established by Revised Ordinances of Honolulu (ROH) 1978 Chapter 15 (1983

ed.), the Traffic Code. The Traffic Code establishes a myriad of regulations, including speed limits, governing traffic on county roads. Speed limits are established by ROH § 15–7.2. The names of the individual streets covered by the speed limits in ROH § 15–7.2 are listed in Schedules IV through X, XXXIII, and XXXVII, attached to and incorporated in the Traffic Code. Rule 202(b), Hawai'i Rules of Evidence (HRE) (1985), requires the courts to take judicial notice of all duly enacted ordinances.[5] When the court took judicial notice of the Schedules filed with the clerk, it took judicial notice of ROH § 15–7.2. Consequently, the ordinance was proved.

The pertinent provision of ROH § 15–7.2 is as follows:

**Sec. 15–7.2. Speed Limit Zones.**

\*   \*   \*

(2) Twenty–five miles per hour.

(a) Any street or highway within the City and County of Honolulu where speed limit has not been otherwise established.

\*   \*   \*

(c) On those streets or portions thereof described in Schedule V attached hereto and made a part hereof; subject, however, to the limitations and extensions set forth therein.

We have examined the Schedules and confirm Defendant's assertion that Kapahulu Avenue is not listed under Schedule V,

---

[5] Rule 202(b), HRE (1985), provides:

**Judicial notice of law.**

\*   \*   \*

(b) Mandatory judicial notice of law. The court shall take judicial notice of (1) the common law, (2) the constitutions and statutes of the United States and of every state, territory, and other jurisdiction of the United States, (3) all rules adopted by the U.S. Supreme Court or by the Hawai'i Supreme Court, and (4) all duly enacted ordinances of cities or counties of this State.

which designates streets where the speed limit is 25 mph. More-over, we do not find Kapahulu Avenue listed in any other schedule. Consequently, in accordance with ROH § 15–7.2(2)(a), the trial court properly found that the speed limit on Kapahulu Avenue is 25 mph.

## B.

Defendant argues that the court erred in permitting the Officer to testify that the speed limit sign was an official sign. We dis-agree.

The Officer testified that in his training program he was taught that official traffic control signs are "posted" and bear a label on the back. He had previously checked the sign, which was posted on Kapahulu Avenue opposite Herbert Street, and noted that it bore such a label. The receipt of the Officer's opinion was within the discretion of the court. *State v. Sartain*, 62 Haw. 650, 618 P.2d 1144 (1980). The trial court here noted that the Officer was trained to observe and recognize official signs. The Officer's training and observations were sufficient, in our view, to allow him to state his opinion that the sign was official. Rule 701, HRE (1985).[6] The Officer's testimony did not "create" the sign as Defendant argues.

## C.

Defendant's final argument is that, even if the sign was offi-cial, the presumption of HRS § 291C–31(c) cannot be used to

---

[6] Rule 701, HRE (1985) provides:

**Opinion testimony by lay witnesses.** If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is lim-ited to those opinions or inferences which are (1) rationally based on the per-ception of the witness, and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

establish that the sign was placed under lawful authority. We disagree.

The pertinent provisions of HRS § 291C–31 (1985) read as follows:

> **Obedience to and required traffic–control devices.** (a) The driver of any vehicle shall obey the instructions of any official traffic–control device applicable thereto placed in accordance with law, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.
>
> \*    \*    \*
>
> (c)   Whenever official traffic–control devices are placed in position approximately conforming to law, such devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

## 1.

Defendant contends that the presumption is mandatory and unconstitutionally shifts the burden of proof to him, thus relieving the State of the burden of proving an element of the offense charged.[7]   The argument is without merit.

A presumption is a deduction or an inference that may be drawn by the trier of fact from certain facts found or established during the course of a trial. *People v. Leyva*, 38 N.Y.2d 160, 168–69 n.3, 379 N.Y.S.2d 30, 37 n.3, 341 N.E.2d 546, 551 n.3 (1975) (citing *Tot v. United States*, 319 U.S. 463, 63 S. Ct. 1241,

---

[7] We agree with Defendant that official authority for placement of the sign is an element of the offense, since it is an attendant circumstance proving official notice. HRS § 702–205(b) (1985).

87 L. Ed. 1519 (1943)). A statutory presumption that shifts the burden to an accused to disprove any element of the offense charged is invalid. *State v. Dwyer*, 57 Haw. 526, 560 P.2d 110 (1977); *State v. Wetzel*, 7 Haw. App. 532, 782 P.2d 891 (1989).

The judgment of the legislature in establishing a presumption is to be given great weight by the courts, "provided it is based on common experience or reliable empirical data[.]" *Leyva*, 38 N.Y.2d at 166, 379 N.Y.S.2d at 35, 341 N.E.2d at 549–50; *see also State v. Brighter*, 61 Haw. 99, 595 P.2d 1072 (1979).

In *State v. Williams*, 415 N.W.2d 351 (Minn. App. 1987), the court considered language nearly identical to HRS § 291C–31(c) and held that proof of the underlying facts was *prima facie* evidence of the presumed fact. *Cf. People v. Northrup*, 142 Misc. 2d 973, 539 N.Y.S.2d 246 (N.Y. Just. Ct. 1988). Consequently, the defendant was required to produce proof, if he could, to rebut the government's case.

In *State v. Brighter, supra*, our supreme court reviewed the guidelines established by the United States Supreme Court for determining the constitutionality of the relationship between the proven fact and the inferred fact in the presumption. The *Brighter* court noted that in *Tot v. United States*, 319 U.S. 463, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943), "the Supreme Court declared that a 'rational connection' must exist between the fact proven and the fact inferred in order to satisfy the requirements of due process," and in *Leary v. United States*, 395 U.S. 6, 89 S. Ct. 1532, 23 L. Ed. 2d 57 (1969), the Supreme Court held that a statutory inference cannot be sustained on constitutional grounds " 'unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.' " *Brighter*, 61 Haw. at 104, 595 P.2d at 1076 (citation omitted).

In our case, the legislature has required every motor vehicle driver to "obey the instructions of any official traffic–control

device . . . placed in accordance with law[.]" HRS § 291C–31(a). The presumption of HRS § 291C–31(c) reflects the legislature's intent that the prosecution should not be required "to go through the hoops" and prove not only that the traffic control device in question is official and properly placed but that it has been placed by lawful authority.[8]

HRS § 291C–31(c)'s presumption is the legislature's recognition of the common experience that, where an official traffic control device is in a legally proper place on the highway, it was placed there by some properly authorized agent of the government. Therefore, the legislative intent expressed in the statute is that, if the State has proved the official nature of the traffic control device and its position approximately conforming to law, it has established *prima facie* that the device was placed under authority of law. The State need not produce evidence of the authority but may rely on the presumption. In our view, HRS § 291C–31(c)'s presumption meets both the *Tot* test and the *Leary* test. The statute does not impermissibly shift the burden of proof, since the State is still required to convince the trier of fact that the presumption flows from the proven facts. *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985).

Finally, contrary to Defendant's argument, we do not deem HRS § 291C–31(c)'s presumption to be mandatory. Although the word shall is normally accorded a mandatory meaning when used in a statute, it may be given a directory meaning when it comports

---

[8] In reviewing the validity of a similar presumption in the New York statute, the New York Court of Appeals stated that the purpose of the presumption is

to avoid the necessity of proving strict compliance with the requirements for posting of traffic control devices through a showing that the signs in question substantially comply with those requirements and provide fair notice of the traffic regulation.

*People v. Northrup*, 142 Misc. 2d 973, ___, 539 N.Y.S.2d 246, 247 (N.Y. Just. Ct. 1988).

with the legislature's intention. *State v. Himuro*, 70 Haw. 103, 761 P.2d 1148 (1988). As we have indicated above, the legislature's intent in § 291C–31(c) was merely to ease the formality of proving the official nature of the traffic device. We find nothing in the statute to indicate that the legislature intended the presumption to be mandatory.

## 2.

The Officer's testimony was sufficient to allow the trial court to conclude beyond a reasonable doubt that the sign was placed under lawful authority. Consequently, contrary to his argument, the presumption was not unconstitutionally applied to Defendant in this case.

Affirmed.

*Mariano V. Hernando* (Traffic Clinic Hawai'i, of counsel) on the briefs for defendant–appellant.

*Alexa D. M. Fujise*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.