■ In the Matter of MARVIN NEIMAN, Appellant, v STATE OF NEW YORK DEPT. OF MOTOR VEHICLES APPEALS BOARD, Respondent. [697 NYS2d 310] —Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Dept. of Motor Vehicles Appeals Board, dated April 9, 1998, which affirmed a determination of an Administrative Law Judge which, after a hearing, *inter alia,* found the petitioner guilty of violating Vehicle and Traffic Law § 1180 (d).

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (*see, Matter of Lahey v Kelly,* 71 NY2d 135; 300 *Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Martin v Adduci,* 138 AD2d 599). The ticketing police officer, properly referring to his notes (*see, People v Klepper,* 25 NY2d 46, 48; *Matter of Pernick v New York State Dept. of Motor Vehicles,* 217 AD2d 630), testified that based upon his training and expertise, he estimated the petitioner's speed at 76 miles per hour in a posted 50-mile-per-hour zone (*see, People v Olsen,* 22 NY2d 230; *Matter of Howe v Adduci,* 226 AD2d 377) and that this visual estimate was verified by radar (*see, Matter of Pernick v New York State Dept. of Motor Vehicles, supra*). Contrary to the petitioner's contentions, the officer's testimony was not incredible as a matter law. Furthermore, while the petitioner's testimony called into question the police officer's version of the facts, where room for choice exists, it is beyond the scope of this Court to weigh the evidence or reject the choice made by the Administrative Law Judge (*see, Matter of Kandekore v Commissioner of Motor Vehicles,* 225 AD2d 774;

*Matter of Liuzzo v State of N. Y. Dept. of Motor Vehicles Appeals Bd.,* 209 AD2d 618; *Matter of Gatto v Adduci,* 182 AD2d 760). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.