In the Matter of MICHAEL LEVY, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles, et al., Respondents. [697 NYS2d 747] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Motor Vehicles which found petitioner guilty of failing to obey a traffic control device.

Following the issuance of a summons charging him with failure to obey a traffic control device in violation of Vehicle and Traffic Law § 1110 (a), petitioner entered a plea of not guilty. After a hearing at which petitioner and the arresting officer testified, petitioner was found guilty. When his administrative appeal proved unsuccessful, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

Vehicle and Traffic Law § 1110 (a) requires that all persons obey traffic control devices, unless otherwise directed by a police officer. The violation in this case occurred when petitioner, while traveling on a county highway, entered a safety zone created by an area of white stripes on the pavement intended to separate the northbound and southbound lanes. At the intersection with an expressway, the safety zone was eliminated and became a lane for left hand turns onto the expressway. Petitioner entered the safety zone in an effort to get into the turning lane. The traffic in both travel lanes was backed up for approximately one-half mile. Petitioner contends that

because there is undisputed evidence that police officers were directing traffic at the intersection when he entered the safety zone, he cannot be found guilty of violating Vehicle and Traffic Law § 1110 (a).

An administrative agency's assessment of the credibility of witnesses and the inferences to be drawn from the evidence are conclusive if supported by substantial evidence (*see, Matter of Di Maria [Ross]*, 52 NY2d 771, 772). Although police were directing traffic at the intersection, there is no evidence that any vehicle in a travel lane, including petitioner's, was directed to enter the safety zone. Petitioner testified that he "assumed" he was being directed to do so, but noticeably absent is any description of an officer's verbal or nonverbal direction which led him to such an assumption. The testimony of the arresting officer that a police enforcement detail was present in the area specifically because of traffic problems created by drivers crossing the pavement markings and cutting off vehicles waiting in the turning lane gives rise to the reasonable inference that the police would not have directed petitioner to do that which they were there to discourage.

There is, therefore, substantial evidence to support respondents' rejection of petitioner's claim that he was merely following police directions when he entered the safety zone. Moreover, the arresting officer's testimony that he observed petitioner make a lane change by crossing the pavement markings, as well as his testimony concerning the purpose of police presence at the intersection, provide substantial evidence to support the finding that petitioner failed to obey a traffic control device (*see*, Vehicle and Traffic Law § 153). We reject petitioner's contention that the officer's testimony was perjured because he gave inconsistent testimony about a conversation with petitioner which was irrelevant to the latter's guilt or innocence. In reviewing an administrative determination, it is not the function of this Court to weigh the evidence, reject testimony or substitute our judgment on matters of credibility (*see, e.g., Matter of De Vito v Kinsella*, 234 AD2d 640, 642).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.