OPINION OF THE COURT
Richard C. Moriarty Sr., J.
Facts
The defendant, Delores P. Nicol, was charged on February 17, 2002, with speeding in violation of Vehicle and Traffic Law § 1180 (d), by traveling 53 miles per hour in a posted 40 mile per hour zone, on Westinghouse Road in the Village of Horse-heads, New York. During the course of the trial, the People presented the elements of the speeding charge, then rested. *712 The sole issue raised by the defense was that the People failed to identify the defendant as the operator of the vehicle and therefore failed to prove the defendant guilty beyond a reasonable doubt.
During the course of the trial, the People attempted to identify the driver:
“Q. and you asked the driver for identification
“A. yes sir.
“Q. what types of identification did the driver give you
“A. A New York State driver’s license and registration;
“Q. and did the registration and license have a name on those documents;
“A. yes;
“Q. what name was on
“Defense: objection * * * hearsay.”
The objection was sustained and when questioning resumed the People did prove that some documentation was received from the driver of the vehicle and a simplified traffic information was completed from those documents. When questioned as to whether he could identify the operator of the vehicle as being in the courtroom, the officer honestly testified that he “believed” the defendant was sitting next to the defense attorney, but admitted that he only had a brief interaction with the operator, some three months prior to the trial. To make the identification even more equivocal, the defense pointed out that the description provided by the officer also matched the description of another person in the courtroom.
The officer did testify that he completed the traffic ticket based on the documentation provided by the operator; however, neither the traffic ticket in question, nor any written memo-randa by the officer, were introduced into evidence.
Discussion
Even though it is not a crime, the fundamental rules of criminal procedure govern the trial of a traffic infraction. (Vehicle and Traffic Law § 155.) Thus, the People must prove beyond a reasonable doubt not only “every element of such offense” but the “defendant’s commission thereof.” (CPL 70.20.)
The Court of Appeals has held that
“It is obvious that a traffic policeman who issues a large number of summonses for routine violations, the vast majority of which are uncontested, will be *713 hard put to remember the person of an individual operator, especially [where as here] there is a contest raised a considerable time after the summons is issued.” (People v Klepper, 25 NY2d 46, 47 [1969].)
Thus, proof may rest on the officer’s recollection “refreshed by contemporaneously made memoranda; or such memoranda, properly established, must play a part in making out the charge prima facie.” (People v Klepper, supra.) No such proof was entered into evidence here.
Conclusion
The People have proven the elements necessary to sustain a speeding offense beyond a reasonable doubt; however, they have failed to identify the defendant as the perpetrator of that offense beyond a reasonable doubt. Thus, the defendant is found not guilty after trial.