■ In the Matter of DAVID MELZER, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [921 NYS2d 246]—

Determination after hearing by respondent New York State Traffic Violations Bureau Appeals Board, dated September 30, 2009, affirming petitioner's traffic conviction, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [O. Peter Sherwood, J.], entered January 20, 2010), dismissed, without costs.

The determination that petitioner violated Vehicle and Traffic Law § 1128 (a) is supported by substantial evidence. The testimony of the police officer that she had a clear, unobstructed view of petitioner and that petitioner changed lanes without signaling, causing her to hit her brakes, is not incredible as a matter of law and is sufficient to sustain the determination that petitioner made an unsafe lane change (*see Matter of Neiman v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 265 AD2d 558 [1999]; *Matter of Miranda v Adduci*, 172 AD2d 526 [1991]). The administrative law judge's follow-up question regarding the delineation of the traffic lanes was asked merely to clarify the evidence already presented, and thus did not violate 15 NYCRR 124.4 (b). Petitioner's challenges to the officer's testimony raise an issue of credibility which was primarily for the factfinder to resolve (*see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979 [1983]; *Matter of Levy v Jackson*, 266 AD2d 636 [1999]).

We reject petitioner's argument, based on his attorney's unsubstantiated hearsay affidavit, that the Board abdicated its judicial role. The record indicates that the Board "ha[d] the means to make an informed decision . . . based on knowledge sufficient for 'wise and proper judgment' " (*Matter of Taub v*

*Pirnie*, 3 NY2d 188, 194 [1957], quoting *Matter of Joyce v Bruckman*, 257 App Div 795, 798 [1939]), made an "independent appraisal" and reached an "independent conclusion" (*Matter of New York Pub. Interest Research Group Straphangers Campaign v Metropolitan Transp. Auth.*, 309 AD2d 127, 139 [2003], *lv denied* 100 NY2d 513 [2003] [internal quotation marks omitted], quoting *Taub*, 3 NY2d at 195). Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.