The People of the State of New York, Respondent,
against
Arlin Morales, Appellant.



Appeal from two judgments of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), rendered October 25, 2013. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated per se and failing to obey a traffic control device, respectively.




ORDERED that the judgment convicting defendant of driving while intoxicated per se is affirmed; and it is further,
ORDERED that the judgment convicting defendant of failing to obey a traffic control device is reversed, on the law, and the accusatory instrument charging that offense is dismissed.
Defendant was charged in separate simplified traffic informations with, among other things, driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and failing to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]).
At a jury trial, a Nassau County police officer testified that, at approximately 5:00 a.m. on November 6, 2011, he observed a 1999 Mitsubishi pulled over halfway on the shoulder and halfway on the grass adjacent to the shoulder of the westbound Long Island Expressway in North Hills. The shoulder of the expressway was separated from the lanes of traffic by a solid white lane marking. When the officer approached the vehicle, he noticed that the key was in the ignition and the engine was running. Defendant, the sole occupant of the vehicle, was sitting in the reclined driver's seat asleep. The officer knocked on the driver's side window, but defendant did not respond. The officer opened the driver's side door of the vehicle and woke defendant. When the officer asked defendant for his license, registration and insurance identification card, defendant had difficulty finding the paperwork, and dropped several papers on the ground. The officer noticed that defendant's eyes were glassy and bloodshot. He detected the odor of alcohol on defendant's breath, defendant's speech was slurred, and he was swaying from side to side. Defendant told the officer that he had consumed a few beers. Defendant never specifically told the officer that he had been driving the vehicle.
The officer administered the horizontal gaze nystagmus (HGN), walk-and-turn, and one-legged stand tests. Defendant exhibited four of the six clues of intoxication with respect to the HGN test, six of the eight clues of intoxication with respect to the walk-and-turn test, and three of the four clues of intoxication with respect to the one-legged stand test. Defendant was arrested on a charge of driving while intoxicated. The officer then read Miranda rights to defendant. At [*2]the Nassau County Police Central Testing Station (CTS), defendant consented to take a breath test, which was administered by another officer at 7:08 a.m., following which it was determined that defendant's blood alcohol content was .13 of one percent of his blood by weight. Defendant told the officer who administered the breath test that he had consumed three beers and had not slept at all during the previous night.
At the close of the People's evidence, defendant moved to dismiss all of the charges on the ground that the People had not established a prima facie case. Defendant argued, among other things, that no testimony had been elicited to the effect that he had been driving, or that there was a traffic control device in the area in question. There was also no testimony that defendant had intended to operate or move the vehicle. The court denied the motion, and defendant rested without presenting any evidence or calling any witnesses. The jury found defendant guilty of driving while intoxicated per se and failing to obey a traffic control device.
On appeal, defendant argues that his convictions were not based on sufficient evidence. There was no proof that defendant had been driving the vehicle or that he had intended to put the vehicle in motion. Instead, defendant intended to sleep in the reclined driver's seat with the heat on during a cold November morning. Furthermore, the officer's observations and defendant's performance on the standard field sobriety tests did not establish that he had been intoxicated. Thus, he should have never been arrested or transported to CTS for a breath test. In addition, there was no evidence of a sign or a traffic control device in the area where defendant had been located.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's conviction of driving while intoxicated per se was established by legally sufficient evidence. It is well settled that a person sitting in the driver's seat of a vehicle with the engine running may be found to have operated the motor vehicle without the need for proof that the defendant had put the vehicle in motion (see People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 458 [1974]; People v Westcott, 84 AD3d 1510, 1512 [2011]; People v Cunningham, 274 AD2d 484 [2000]; People v David W., 83 AD2d 690 [1981]; People v Cross, 52 Misc 3d 133[A], 2016 NY Slip Op 51011[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Turner, 34 Misc 3d 159[A], 2012 NY Slip Op 50443[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Blue, 15 Misc 3d 128[A], 2007 NY Slip Op 50597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Moore, 196 Misc 2d 120, 121 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Defendant's contention that he never intended to operate the vehicle, and that he turned on the engine solely for the purpose of turning the heater on to keep warm lacks any basis in the record. The only evidence in the record on this issue is that the incident occurred on November 6, 2011, and that the arresting officer testified that he did not recall what the temperature was on that day. Moreover, the officer who administered the breath test at CTS testified that defendant had told him that he had been driving the vehicle.
As the officer's observations of defendant at the scene taken together with defendant's performance on the field sobriety tests established that the officer had a sufficient basis to arrest defendant and transport him to CTS, and as the breath test established that defendant's blood alcohol content was .13 of one percent of his blood by weight, we find that the evidence was legally sufficient to support the conviction of driving while intoxicated per se (see Vehicle and Traffic Law § 1192 [2]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we find that the verdict of guilt of driving while intoxicated per se was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
However, we find that defendant's conviction of failing to obey a traffic control device [*3]was not supported by legally sufficient evidence. Vehicle and Traffic Law § 153 defines "traffic control devices" as "[a]ll signs, signals, markings, and devices not inconsistent with this chapter placed or erected by authority of a public body or official having jurisdiction for the purpose of regulating, warning or guiding traffic." Pavement markings can constitute a traffic control device (see Matter of Levy v Jackson, 266 AD2d 636 [1999]). Vehicle and Traffic Law § 1110 (a) provides, in pertinent part, that "[e]very person shall obey the instructions of any official traffic-control device applicable to him placed in accordance with the provisions of this chapter."
The arresting officer testified that the Long Island Expressway was a controlled access highway with four lanes of traffic in each direction, and that the shoulder of the road was separated from the lanes of traffic by a solid white lane marking. While crossing a single solid white line is discouraged, it is not prohibited (see People v Hollinger, 2002 NY Slip Op 40485[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]; Manual of Uniform Traffic Control Devices § 3B.04). As the only proof in the record of defendant disobeying a traffic control device is that he apparently drove his vehicle across the solid white line marking the shoulder, the judgment convicting defendant of failing to obey a traffic control device cannot stand.
Accordingly, the judgment convicting defendant of driving while intoxicated per se is affirmed, and the judgment convicting defendant of failing to obey a traffic control device is reversed and the accusatory instrument charging that offense is dismissed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 24, 2017