Matter of Makhoul v New York State Dept. of Motor Vehicles (2019 NY Slip Op 02099)





Matter of Makhoul v New York State Dept. of Motor Vehicles


2019 NY Slip Op 02099


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-05856
 (Index No. 80119/16)

[*1]In the Matter of George Makhoul, petitioner,
v
New York State Department of Motor Vehicles, respondent.


George Makhoul, Holmdel, New Jersey, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Oren L. Zeve of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated December 31, 2015, affirming a determination of an administrative law judge dated July 1, 2015, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1180(d) and imposed a fine.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner's contention, the determination that he violated Vehicle and Traffic Law § 1180(d) is supported by substantial evidence (see Matter of Bilotto v New York State Dept. of Motor Vehs., 166 AD3d 610; Matter of Mataragas v New York State Dept. of Motor Vehs., 6 AD3d 537; Matter of Neiman v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 265 AD2d 558). The police officer who ticketed the petitioner testified that the speed limit at the subject location was 35 miles per hour, that there were traffic signs present establishing that the speed limit was 35 miles per hour, and that the officer used visual observation and a radar unit, which the officer had tested, to determine that the petitioner exceeded the speed limit. This testimony was sufficient evidence to sustain the subject determination (see Matter of Molinsky v New York State Dept. of Motor Vehs., 105 AD3d 960; Matter of Koenigsberg v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 8 AD3d 383).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court