**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000974
19-NOV-2020
07:48 AM
Dkt. 48 SO**

NO. CAAP-18-0000974

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MARCELINO ALDAYA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCC-18-0000711)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Marcelino Aldaya (**Aldaya**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), entered on November 29, 2018, in the District Court of the Third Circuit, Kona Division (**District Court**).[1] Following a bench trial, Aldaya was convicted of violating Hawaiʻi County Code (**HCC**) § 15-8 (2016), entitled "Visiting hours; closing areas," for remaining in Hale Halawai Park after it was closed.[2]

On appeal, Aldaya contends that the District Court erred in denying Aldaya's motion for judgment of acquittal and in

---

[1]    The Honorable Margaret Masunaga presided.

[2]    HCC § 15-8 states:

**Visiting hours; closing areas.**

   The director may establish a reasonable schedule of visiting hours for all or portions of a park area and close or restrict the public use of all or any portion of a park area, when necessary for the protection of the area or the safety and welfare of persons or property[,] by the posting of appropriate signs indicating the extent and scope of closure.  All persons shall observe and abide by the officially posted signs and [sic] designating closed areas and visiting hours.

finding him guilty as charged, where there was no substantial evidence that he acted with the requisite state of mind. Relatedly, Aldaya argues that the State failed to adduce sufficient evidence to prove: (1) when Aldaya was cited, the park was closed, as stated on an officially posted sign indicating the extent and scope of closure; (2) the park, or the area of the park where Aldaya was found, was designated as a closed area; and (3) Aldaya had observed the sign and knew of the park's closing hours.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Aldaya's contentions as follows and reverse the Judgment.

The dispositive issue is whether the State adduced sufficient evidence to prove that when Aldaya was cited, there was an <u>official</u> sign posted stating the park's visiting hours or otherwise indicating that the park was closed.[3]

Sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged. <u>State v. Grace</u>, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting <u>State v. Ferrer</u>, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." <u>Id.</u> The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact." <u>Id.</u>

To establish that Aldaya violated HCC § 15-8, the State was required to prove beyond a reasonable doubt that: (1) there

_____

[3] It does not appear that Aldaya directly argued in the District Court that there was insufficient evidence of an <u>official</u> sign. Nevertheless, Aldaya did argue below that the State had failed to prove that he acted with the requisite state of mind to commit the charged offense. Further, the State was required to prove that Aldaya acted with the requisite state of mind as to each element of the offense, including its attendant circumstances. <u>See</u> HRS § 702-204 (2014); <u>State v. Baker</u>, 146 Hawaiʻi 299, 309, 463 P.3d 956, 966 (2020); <u>State v. Lioen</u>, 106 Hawaiʻi 123, 130, 102 P.3d 367, 374 (App. 2004). Accordingly, we view the identified dispositive issue as encompassed by the argument raised below.

was an "officially posted sign[]"; (2) that "designat[ed]" the area in which Aldaya was cited as a "closed area" (or designated "visiting hours" that had ended); (3) the "sign[] indicat[ed] the extent and scope of closure"; and (4) Aldaya did not "abide by" the directives of the sign.  HCC § 15-8; see State v. Pratt, 127 Hawai‘i 206, 222, 277 P.3d 300, 316 (2012) (Acoba, J., concurring and dissenting) (stating the elements for a conviction under Hawai‘i Administrative Rules (**HAR**) § 13-146-4(a) (1999)[4/]).

In State v. Vallejo, 9 Haw. App. 73, 78, 80, 823 P.2d 154, 157, 158 (1992), this court affirmed the defendant's conviction for operating his automobile in excess of the officially posted speed limit, in violation of HRS § 291C-102(a) (1985).  At that time, HRS § 291C-102 stated:

> a) No person shall drive a vehicle at a speed greater than a maximum speed limit and no person shall drive a motor vehicle at a speed less than a minimum speed limit established by county ordinance.
>
> (b) The director of transportation with respect to highways under the director's jurisdiction may place signs establishing maximum speed limits or minimum speed limits. Such signs shall be official signs and no person shall drive a vehicle at a speed greater than a maximum speed limit and no person shall drive a motor vehicle at a speed less than a minimum speed limit stated on such signs.

HRS § 291C-102(a)-(b) (emphasis added).  The defendant argued in part that the State had failed to prove that the speed limit sign at issue was official, and further contended that the trial court had erred in permitting the citing police officer to testify that the speed limit sign was an official sign.  See Vallejo, 9 Haw. App. at 78-80, 823 P.2d at 157-58.  This court disagreed, concluding that the officer's training and observations were

_____

[4/]    The text of HCC § 15-8 substantially mirrors that of HAR § 13-146-4(a).  The latter rule provides:

> The board [of land and natural resources] or its authorized representative may establish a reasonable schedule of visiting hours for all or portions of the premises and close or restrict the public use of all or any portion thereof, when necessary for the protection of the area or the safety and welfare of persons or property, by the posting of appropriate signs indicating the extent and scope of closure.  All persons shall observe and abide by the officially posted signs designating closed areas and visiting hours.

HAR § 13-146-4(a).

sufficient to allow him to state his opinion that the sign was official. Id. at 80, 823 P.3d at 158. In so doing, this court implicitly recognized the State's burden to prove that the speed limit sign was "official," pursuant to the language of HRS § 291C-102(b). Id. See also State v. Jenkins, No. 30295, 2011 WL 1620643, at *5 (Haw. App. Apr. 29, 2011) (mem. op.) (affirming the defendant's conviction under HRS § 291C-105(a)(1) (2007), where the State adduced sufficient evidence to prove, among other things, that the maximum applicable speed limit had been established by "official" signs).

Similarly, here, HCC § 15-8 states in relevant part that "[a]ll persons shall observe and abide by the officially posted signs . . . designating closed areas and visiting hours." Based on the plain language of the code, the State had the burden to prove, among other things, that Aldaya did not abide by an officially posted sign in the park.

Viewing the evidence adduced in the strongest light for the prosecution, we conclude that the evidence was insufficient to establish that the sign at issue was official. At trial, the officer who cited Aldaya testified in relevant part as follows concerning any signs in the park:

> Q. [By DEPUTY PROSECUTING ATTORNEY] And was the park closed at that time?
>
> A. [By OFFICER] Yes.
>
> . . . .
>
> Q. . . . And were there any signs in the park that indicated the hours of the park?
>
> A. There are.
>
> Q. Do you know where the signs are located?
>
> A. I know there is one sign by the parking lot. That's the -- to the best of my knowledge, I know that there is that one.
>
> Q. Okay. And is that sign between the Alii Drive and the building at Hale Halewai[sic]?
>
> A. Yes.

No other witness testified. In short, there is nothing in the record that could reasonably support a conclusion that the sign at issue was official.

4

The State argues that the evidence presented in this case is substantially similar to that adduced in Pratt, where the court found sufficient evidence to support a conviction under HAR § 13-146-4(a).  However, unlike Aldaya, the defendant in Pratt stipulated to the facts sufficient to establish a violation of the closed-area regulation at issue, in furtherance of a tactical decision to focus on affirmative defenses.  127 Hawaiʻi at 212-13, 277 P.3d at 306-07.  Under those circumstances, the supreme court declined to exercise plain error review to invalidate the stipulation, even in the absence of any physical evidence of the signs at issue.  Id.  The court observed:  "[T]he absence of evidence to prove an element to which the opposing party has stipulated is to be expected; having executed the stipulation, the prosecution did not present its case in chief at trial."  Id. at 213, 277 P.3d at 307.

Here, in contrast, Aldaya did not stipulate to the facts necessary to warrant a conviction, and the State did present its case in chief at trial for the purpose of establishing such facts.  Absent any stipulation, the State had the burden to prove every element of the charged offense, including that the sign at issue was official.  On this record, it failed to do so.  Given our conclusion, we do not reach Aldaya's arguments that the State failed to adduce sufficient evidence as to other elements of the charged offense.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on November 29, 2018, in the District Court of the Third Circuit, is reversed.

DATED:  Honolulu, Hawaiʻi, November 19, 2020.


On the briefs:                     /s/ Lisa M. Ginoza
                                   Chief Judge

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.           /s/ Keith K. Hiraoka
                                   Associate Judge

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,                 /s/ Clyde J. Wadsworth
for Plaintiff-Appellee.            Associate Judge