■ In the Matter of the Estate of DAVID PRESSBERG, Deceased. DOROTHY PRESSBERG, Appellant; EDNA NIRENBERG et al., Respondents.— In a proceeding to construe the will of a decedent, his widow appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County, entered March 3, 1965, as construed the legacy under paragraph Fifth of the will in favor of the children of the named legatee (a cousin of the testator who predeceased the testator). Decree modified on the law by deleting so much of subdivision (a) of its second decretal paragraph as provides that paragraphs Third through Seventh of the will are to be read "as one". As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs payable out of the estate. No questions of fact have been considered. The clause in paragraph Seventh providing for a substitution of legatees in the event that "any or all of the aforementioned cousins predecease me," is sufficiently broad to include the cousin named in paragraph Fifth. Such a construction is in keeping with the testamentary intent and plan and in accordance with testator's presumed intent to dispose of his entire estate by will (*Matter of Dammann,* 12 N Y 2d 500; *Matter of Warren,* 11 N Y 2d 463; *Matter of Fabbri,* 2 N Y 2d 236). It is not necessary to read paragraphs Third through Seventh of the will as one in order to reach this result. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of NORMAN B. O'CONNELL, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Proceeding under article 78 of the CPLR to annul a determination of the respondent Commissioner of Motor Vehicles which suspended petitioner's operator's license for 60 days for violation of section 1154 of the Vehicle and Traffic Law. By order of the Supreme Court, Westchester County, entered June 4, 1965, the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. Upon all the facts adduced at the hearing, we are of the opinion that there is substantial evidence to sustain the finding of the Referee that petitioner failed to exercise due care to avoid colliding with a pedestrian in Hartsdale, New York, on April 1, 1965. (See *Matter of Deutsch* v. *Hults,* 10 A D 2d 724.) Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ MARGARET M. KADLEC, Respondent, v. PAUL J. KADLEC, Appellant.— In an action for a separation, the defendant husband appeals from an order of the Supreme Court, Westchester County, entered October 13, 1965, which granted plaintiff's motion and (1) directed defendant to vacate the marital premises; (2) required him to pay $25 per week for the temporary support of the plaintiff wife and four children and to pay the monthly mortgage installments on said marital premises; (3) permitted the wife to rent the upstairs apartment of said premises to anyone but her relatives and to retain the income therefrom; and (4) directed defendant to pay the wife's counsel fee of $250. Order affirmed, without costs. The defendant's time to comply with the terms of the order is extended until 5 days after entry of the order hereon. In our opinion, the interests of the parties would be best served if the parties proceeded to trial at an early date. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.