■ In the Matter of WILLIE DRAYTON, Petitioner, v LUDWIG HASL et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Department of Public Works dated August 14, 1984, which, after a hearing, found the petitioner guilty of all six specifications underlying a charge of misconduct and dismissed him from employment as a laborer.

Petition granted, on the law, to the extent that the determination is modified by annulling the findings of guilt as to the specifications numbered three, five and six, and by vacating the penalty imposed. As so modified, determination confirmed, without costs or disbursements, proceeding otherwise dismissed on the merits, the matter remitted to the respondent Commissioner of the Nassau County Department of Public Works for imposition of an appropriate penalty.

There was insufficient evidence in the record to sustain the determination that the petitioner had refused to perform assigned duties on September 16, 1983. The sole evidence to this effect was the hearsay testimony of his office supervisor that the foreman John Shamon had said "something about Mr. Drayton refusing to work". The petitioner, on the other hand, testified that Mr. Shamon and another worker had sat in the work truck while the petitioner performed the work alone, and that it was the petitioner's complaints about this and the ensuing argument that led Mr. Shamon to bring the

petitioner back to the office. This testimony was uncontradicted.

Hearsay testimony is admissible in an administrative hearing provided it complies with the same standards as any other evidence—namely, it must be trustworthy and probative and be more than conclusory statements based on bare surmise *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Triple A Auto Driving School v Foschio,* 107 AD2d 641, *affd* 65 NY2d 755). Here, the hearsay testimony adduced in support of specification three consisted of a bare conclusory statement.

The record also contains insufficient evidence to support specifications five and six, that the petitioner "on many sundry dates * * * ha[d] been absent without authorization" and that his "attendance record indicates excessive abuse of entitlements".

The Commissioner sustained these specifications on his finding that the petitioner was absent without authorization or leave entitlements, over the 14-month period in question, for a total of 46¾ days. Analysis of the petitioner's attendance records upon which this conclusion was based reveals that all but nine of these days were charged to sick, vacation or personal leave time to which the petitioner was entitled. The county introduced no evidence that any of these days were improperly taken. Since the Commissioner's finding on those specifications is not supported by substantial evidence, it must be vacated.

The record, however, does support the remaining specifications: that the petitioner threatened to physically assault his supervisor on September 16, 1983, that he was under the influence of alcohol on that day, and that he was late for work on many days.

Since the penalty of dismissal from employment was based upon the Commissioner's findings of guilt as to all six specifications, that penalty must be vacated and the matter remitted to the Commissioner for imposition of a penalty appropriate to the specifications actually sustained. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.