■ In the Matter of JACQUELINE M. FAZZONE, Petitioner, v PATRICIA A. ADDUCI, as Commissioner of Motor Vehicles of the

State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles, dated January 13, 1988, which, after a hearing, suspended the petitioner's driver's license for 60 days upon a finding that she violated Vehicle and Traffic Law § 1146.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On September 14, 1986, the petitioner, while driving a car, struck the rear of a large tricycle, causing the 77-year-old cyclist to fall to the pavement. The cyclist suffered injuries which resulted in her death. The Department of Motor Vehicles held a hearing to investigate the fatal accident, and the Administrative Law Judge determined that the petitioner violated Vehicle and Traffic Law § 1146. The petitioner's license was suspended for 60 days. This determination was affirmed by the Administrative Appeals Board and accepted by the Commissioner of Motor Vehicles. The petitioner contends that the finding of the Administrative Law Judge that she violated Vehicle and Traffic Law § 1146 was not supported by substantial evidence in that hearsay evidence was considered by the Administrative Law Judge. She also argues that the penalty imposed is excessive.

The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency (Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). The scope of our review of the Commissioner's determination is limited to the question of "whether a determination * * * is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]). In other words, this court must determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated (Matter of American Tel. & Tel. Co. v Tax Commn., 61 NY2d 393, 400; see also, Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179-180; see also, Matter of McKenzie v Fisher, 39 NY2d 103, 105). This determination must be made in light of the fact that "[h]earsay evidence can be the basis of an administrative determination" (Matter of Gray v Adduci, 73 NY2d 741, 742). If such evidence is found to be sufficient, trustworthy, relevant and probative, it may constitute substantial evidence (People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Drayton v Hasl, 121 AD2d 631).

In this case, the written statement of a disinterested eyewitness and the police accident report, coupled with the petition-

er's testimony that she did not see the decedent "until she was dead in front of my car", rationally supported the Commissioner's determination. Thus, substantial evidence exists to support the determination at issue.

We also find that, in light of the circumstances of this case, the 60-day license suspension imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of O'Connell v Hults, 24 AD2d 899; Vehicle and Traffic Law § 510 [3] [a]). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.