In the Matter of DANIEL GUARINO, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [915 NYS2d 292]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Motor Vehicles Administrative Appeals Board dated January 26, 2010, confirming a determination of an administrative law judge dated July 6, 2009, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1146 and suspended his driver's license for 180 days.

Adjudged that the determination dated January 26, 2010, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On December 17, 2008, the petitioner, while making a left turn from 14th Avenue onto 138th Street in Queens, struck and killed a pedestrian who was crossing 138th Street.

Contrary to the petitioner's contention, the finding that he violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid striking the pedestrian is supported by substantial evidence (see Matter of Fazzone v Adduci, 155 AD2d 540, 541 [1989]; see generally Matter of Hall v Swartz, 61 AD3d 868 [2009]). The administrative law judge properly relied upon documentary evidence in the record sufficient to sustain the determination, including photographs of the accident scene, the police accident report, and the motor vehicle accident and mechanism report prepared by the New York City Police Department demonstrating, inter alia, that the pedestrian was walking within the crosswalk and that, after the impact, her body came to rest several feet in front of the petitioner's vehicle (cf. Matter of Hall v Swartz, 61 AD3d 868 [2009]; Matter of Koenigsberg v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 8 AD3d 383 [2004]). While the petitioner testified, inter alia, that the speed of his vehicle was only five to eight miles per hour as he made the left turn, that he first saw the pedestrian when she was only inches away and that the accident occurred outside of the crosswalk, "it is beyond the scope of this Court to weigh the evidence or reject the choice made by the Administrative Law Judge" (Matter of Neiman v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 265 AD2d 558, 558 [1999]; see Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin., 78 AD3d 700 [2010]; Matter of Wright v Commissioner of N.Y. State Dept. of Motor Vehs., 189 AD2d 767, 768 [1993]).

Under the circumstances of this case, the 180-day license suspension imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of De Rooy v Martinez, 27 AD3d 1139, 1140 [2006]; Matter of Hollinger v New York State Dept. of Motor Vehs., 18 AD3d 1012 [2005]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Eng, Belen and Lott, JJ., concur.