# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

966

TP 11-00735

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF PATRICIA A. CUMMINGS,
PETITIONER,

V                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,
RESPONDENT.

---

BURGIO, KITA & CURVIN, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Timothy J. Drury, J.], entered March 30, 2011) to review a determination of respondent. The determination, among other things, found that petitioner violated Vehicle and Traffic Law § 1146.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: We conclude in this CPLR article 78 proceeding that, contrary to petitioner's contention, the determination to suspend her driver's license is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182; *Matter of Guarino v New York State Dept. of Motor Vehs.*, 80 AD3d 697). The evidence presented at the administrative hearing established that petitioner was making a left-hand turn in her vehicle at a T-intersection when she struck and killed a pedestrian. Petitioner contends that the evidence did not establish, however, that the pedestrian was in the crosswalk at the time of the accident and thus that her alleged violation of Vehicle and Traffic Law § 1146 is not supported by substantial evidence. The record belies that contention. According to both the accident report completed by a police officer and the testimony of the officer at the hearing, petitioner told the officer that she struck a pedestrian who was crossing the street "in [the] crosswalk from west to east." Petitioner's further contention that the Administrative Law Judge should have adduced additional evidence before rendering her decision is raised for the first time on appeal, and " '[t]he scope of [this] CPLR article 78 proceeding, following an administrative hearing, is

limited to review of the issues raised and addressed in that hearing' " (*Matter of Vicari v Wing*, 244 AD2d 974, 976).

Entered: September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court