■ In the Matter of ANGELO CERVONI, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [945 NYS2d 725]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated December 28, 2010, confirming a determination of an administrative law judge, dated April 21, 2010, which, after a hearing, found that the petitioner violated, inter alia, Vehicle and Traffic Law § 1146 (a) and revoked his driver's license, with permission to apply for a new license after 30 days.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On February 17, 2009, the petitioner's vehicle rolled backwards in a parking lot on Parsons Boulevard in Flushing as he unsuccessfully attempted to apply the brakes. The rear of the vehicle then struck and killed a pedestrian walking in the parking lot.

The petitioner contends that since he had parked the vehicle, he was not driving at the time of the accident and, therefore, Vehicle and Traffic Law § 1146 (a) does not apply. Vehicle and Traffic Law § 1146 (a) states, in relevant part, that "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian." Pursuant to Vehicle and Traffic Law § 113, a "[d]river" is defined as "[e]very person who operates or drives or is in actual physical control of a vehicle." The evidence presented at the administrative hearing established that after the petitioner pulled into a parking space, his vehicle began to roll backwards as he was exiting the car. The petitioner then unsuccessfully attempted to apply the brakes, and the car continued to roll backwards and hit the pedestrian. Since, under the totality of the circumstances, the petitioner operated, drove, or was in actual physical control of the vehicle, he qualified as a driver for the purposes of Vehicle and Traffic Law § 1146 (a). Thus, contrary to the petitioner's contention, the finding that the petitioner violated Vehicle and Traffic Law § 1146 (a) by failing to exercise due care to avoid striking the pedestrian is supported by substantial evidence (see Matter of Guarino v New York State Dept. of Motor Vehs., 80 AD3d 697, 698 [2011]; Matter of Fazzone v Adduci, 155 AD2d 540, 541 [1989]).

Under the circumstances of this case, the penalty of revocation of the petitioner's license, with permission to apply for a new license after 30 days, was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of

*Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Guarino v New York State Dept. of Motor Vehs.*, 80 AD3d at 698).

The petitioner's remaining contentions are without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.