Froceeding pursuant to CFLR article 78 to review a determination of the respondent New York State Department of Motor Vehicles Administrative Appeals Board dated October 25, 2011, confirming a determination of an administrative law judge dated February 15, 2011, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1146 and suspended his driver’s license for one year.
Adjudged that the determination dated October 25, 2011, is *1091 confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner’s contention, the finding that he violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid striking a pedestrian is supported by substantial evidence (see Matter of Cervoni v Commissioner of N.Y. State Dept. of Motor Vehs., 96 AD3d 742, 743 [2012]; Matter of Guarino v New York State Dept. of Motor Vehs., 80 AD3d 697, 698 [2011]; Matter of Fazzone v Adduci, 155 AD2d 540, 541 [1989]). The evidence presented at the hearing demonstrated that the petitioner turned left out of a parking space and fatally struck a pedestrian he did not see before his vehicle struck her.
Under the circumstances of this case, and considering the petitioner’s driving record, the one-year license suspension imposed was not so disproportionate to the offense as to be shocking to one’s sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of Martin v Adduci, 138 AD2d 599, 600 [1988]).
The petitioner’s remaining contention is without merit. Angiolillo, J.E, Chambers, Hall and Roman, JJ., concur.