In the Matter of JOHN M. CLARKE, Petitioner, v BOARD OF EDUCATION OF THE VESTAL CENTRAL SCHOOL DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Board of Education of Vestal Central School District which terminated the services of petitioner pursuant to section 3020-a of the Education Law.

Because petitioner, a tenured seventh grade English teacher, was perceived to have prepared unsatisfactory and illegible daily lesson plans, to have inadequately evaluated the performance of his students and to have employed deficient instruction techniques, the school's English coordinator, John Fanning, preferred charges of incompetency, insubordination, inefficiency and conduct unbecoming a teacher against him on June 8, 1981. Petitioner was then suspended pending the outcome of a hearing held pursuant to section 3020-a of the Education Law. After

eight days of testimony, two members of the hearing panel recommended that petitioner be terminated; the third member urged suspension. Petitioner was thereafter terminated at an open meeting of respondent and this CPLR article 78 proceeding ensued.

The record discloses that for three years preceding presentment of the charges, petitioner's immediate supervisor, Fanning, and the school principal, Albert Guzzi, each had made at least seven separate and independent classroom observations of petitioner, observations designed to assist them in evaluating teacher and student performance, and each had concurred in their identification of petitioner's teaching deficiencies and in the need for corrective action. Petitioner's teaching procedures having been found unsatisfactory in June of 1978, he was directed to: "prepare legible, satisfactory weekly lesson plans which identify appropriate behavioral objectives, which include specific and appropriate learning activities, techniques and procedures to accomplish these objectives. Legible copies of these plans are to be given to both the Building Principal and the English Coordinator on the Wednesday prior to the week these plans are to be implemented. The Building Principal and/or the English Coordinator will review these plans and when deemed appropriate meet with Mr. Clarke on the Friday prior to the week these plans are to be implemented."

Petitioner was also instructed to establish a folder for each student and to retain therein all of the student's written work. That these directives were issued with the view to helping him to structure meaningful and disciplined classes and not, as petitioner suggests, for the purpose of harassing him, has an adequate evidentiary basis in the record. In addition, he was made aware in June of 1978 and each succeeding term thereafter, by way of evaluation documents (a document designed to aid the school administration in evaluating teacher responsibility in a variety of areas, including preparation and planning, techniques of instruction, classroom management and student performance), that his employment was in jeopardy for he had not succeeded in showing improvement in specifically identified areas.

Despite these directives and admonitions contained in six end-of-term evaluations of petitioner made by Guzzi and Fanning, the evidence is considerable that petitioner nevertheless repeatedly failed to submit lesson plans in a timely manner and, more often than not, those which were submitted were illegible. There is also ample evidence that he neglected to maintain complete student folders and that he inadequately corrected and analyzed the students' work found within those folders.

Contrary to petitioner's assertion, incompetency and insubordination were established. Incompetency is borne out by evidence that petitioner was a poor teacher who failed to demonstrate any improvement even though extensive aid was made available to him, and his constant unwillingness to accept the directives of his superiors clearly supports the finding of insubordination (*Matter of Short v Nassau County Civ. Serv. Comm.*, 45 NY2d 721). Inasmuch as the hearing panel's conclusions are supported by substantial evidence, we are obliged to sustain its determination even though the record contains evidence which would also support a different conclusion (*Matter of Collins v Codd*, 38 NY2d 269, 270).

The penalty imposed, though severe, is not shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233), for this is a matter involving internal discipline, an area in which the agency involved is to be accorded a broad range of discretion (*Matter of Di Vito v State of New York, Dept. of Labor*, 48 NY2d 761, 763). Surely termination is not an unduly excessive response to one whose teaching is substandard and who is persistently insubordinate (*Matter of Root v Board of Educ.*, 59 AD2d 328), particularly where there is no indication that the same or similar conduct would not be repeated if petitioner was allowed to return to work.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.