■ In the Matter of RICHARD BARTLETT, Appellant, v DUTCHESS COUNTY et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Dutchess County Commissioner of Personnel which terminated petitioner's employment as a Park Manager II with respondent Dutchess County Department of Parks and Recreation.

In December 1988 petitioner, a park manager for respondent Dutchess County, suffered a disabling heart attack. In May 1989, petitioner submitted a physician's statement indicating that he was medically able to return to work; however, a physician appointed by the County concluded otherwise and on June 7, 1989 petitioner was placed on an unpaid leave of absence pursuant to Civil Service Law § 72. Petitioner exercised his right to a hearing (Civil Service Law § 72) in which the Hearing Officer, while finding petitioner's fitness a close question, recommended petitioner's reinstatement. The appointing authority (respondent County Executive, on behalf of respondent County Commissioner of Parks and Recreation) rejected the Hearing Officer's report and recommendation and found petitioner unable to perform the duties of his position. Petitioner's administrative appeal resulted in a similar determination which upheld the unpaid leave of absence. This CPLR article 78 proceeding was commenced to annul the determination.

Petitioner contends that it was arbitrary, capricious and illegal to reject the Hearing Officer's findings. We cannot agree. It is settled law that within the confines of the evidence, the removing authority is free to make new findings and reach conclusions which differ from those made by a hearing officer assigned to report and recommend, provided, of course, that the former's action is supported by substantial evidence (see, *Matter of Lugo v Damiano*, 178 AD2d 827, 828; *Matter of Pelham v White*, 166 AD2d 824, 826; see also, *Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 388; *Matter of Simpson v Wolansky*, 38 NY2d 391, 394). Here, contrary to petitioner's contention, there is ample evidence through medical testimony about petitioner's physical condition, as well as through witnesses who described his work duties, to support the determination (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). Respondents had the prerogative to credit certain evidence, medical or otherwise, and disregard conflicting or contrary evidence and opinions (see, *Matter of Leone v Regan*, 146 AD2d 869, 870; *Matter of Butler v Regan*, 134 AD2d 698, 699; see also, *Matter of Stevens v Axelrod*, 162 AD2d 1025, 1026).

Finally, petitioner alleges and respondents concede that petitioner was terminated from his unpaid leave of absence four months prematurely. However, respondents have demonstrated and petitioner has failed to refute the fact that petitioner was not prejudiced thereby. Accordingly, the issue is academic.

Levine, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.