◼ In the Matter of STOWE POTATO SALES, INC., Petitioner, v RICHARD T. McGUIRE, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents. [610 NYS2d 399] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Agriculture and Markets which found that petitioner was liable to respondent Joseph S. Tuchrello for $84,136.63.

This proceeding arises out of a claim filed pursuant to Agriculture and Markets Law § 250-a by respondent Joseph S. Tuchrello, a potato grower, to collect money owed for potatoes delivered to petitioner, a licensed potato broker. Stephen Stowe is the president and sole shareholder of petitioner and the only person acting on behalf of petitioner in the matters relevant to this proceeding. As a broker, petitioner buys potatoes from potato growers and sells them to potato processors. Petitioner and Tuchrello have done business with each other since 1980 and, in doing so, have relied on oral contracts, which are a common trade practice.

In the spring of 1988 Stowe and Tuchrello discussed contracts for out-of-field and out-of-storage sales from the fall 1988 harvest. According to Stowe, these discussions culminated in an oral contract for 10,000 hundredweight bags of Atlantic potatoes out of the field at $4.50 per hundredweight (hereinafter cwt) and 35,000 cwt bags of Manona potatoes out of storage at $4.75 per cwt plus storage costs set by scheduled date of delivery. Tuchrello maintained that the only price discussed was $5 per cwt for Atlantics, and that the price and

quantity were never agreed upon. Tuchrello requested a written contract from petitioner. Stowe prepared two "purchase agreements" on June 13, 1988, signed them and mailed them to Tuchrello.

Later in June 1988, as a result of complaints from the farmers with whom he dealt, Stowe orally raised the contract out-of-field price by 25¢ per cwt. The purchase agreements ended up in the possession of Tuchrello's daughter and were not delivered to Tuchrello until mid-July 1988. Tuchrello never signed the agreements and the prevailing market prices increased markedly due to a drought. Tuchrello claimed that he informed Stowe that they did not have a contract in August 1988. Stowe testified that Tuchrello did not tell him that he would not abide by the terms in the two documents until September 1988. In September 1988, even though he never intended to pay more than the prices allegedly agreed to in the spring of 1988, Stowe agreed to pay prevailing market prices of between $6.50 and $8.75 per cwt for potatoes to be delivered by Tuchrello. In September and October 1988, Tuchrello delivered 11,120.79 cwt of Atlantic potatoes and 31,176.74 cwt of Manona potatoes. Petitioner thereafter paid Tuchrello at the lower potato prices under the alleged spring contract.

Finding petitioner's testimony to be more credible, the Hearing Officer recommended dismissal of Tuchrello's claim. On administrative appeal, respondent Commissioner of Agriculture and Markets rejected the Hearing Officer's report in its entirety, as contrary to the weight of the evidence in the record, and certified Tuchrello's claim in the amount of $84,136.63. Petitioner contends that the Commissioner's determination overruling the Hearing Officer's report lacked substantial evidence. We disagree.

"Substantial evidence has been defined as ' "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" ' " (Matter of Berenhaus v Ward, 70 NY2d 436, 443, quoting People ex rel. Vega v Smith, 66 NY2d 130, 139, quoting 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180). It is undisputed that no written contract was ever signed by both parties despite the fact that Tuchrello wanted a written contract. Stowe never inquired as to whether Tuchrello had received and signed the two agreements that Stowe mailed to him. Stowe could not recall anything that Tuchrello said which Stowe could assume to be an acceptance of the prices he offered. Tuchrello emphatically denied the existence of any

agreement with petitioner prior to September 1988. Finally, it is undisputed that petitioner agreed to pay the prices quoted by Tuchrello in September 1988 and accepted delivery of the potatoes at those prices.

The Hearing Officer's recommendation was not conclusive upon the Commissioner *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 394), who had the duty to weigh the evidence and resolve conflicting testimony *(see, Matter of Berenhaus v Ward, supra,* at 443-444; *Matter of Harrison v Axelrod,* 194 AD2d 672, 673). The Commissioner was therefore entitled to credit Tuchrello's testimony and disregard Stowe's conflicting testimony, and to make different findings and reach different conclusions as long as these actions were supported by substantial evidence *(see, Matter of Bartlett v Dutchess County,* 189 AD2d 1027, 1028). In this case there was substantial evidence supporting the Commissioner's actions and his final determination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).*

Mikoll, J. P., Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.