■ In the Matter of SHAWN PANELLA, Petitioner, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents. [861 NYS2d 855]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Civil Service Commission which denied petitioner's request for reinstatement to his position of mail and supply clerk.

Petitioner, a mail and supply clerk with respondent Department of Labor since 1999 pursuant to Civil Service Law § 55-b,* was placed on an involuntary leave of absence in October 2003 pursuant to Civil Service Law § 72 (1) based on a finding that he was mentally unfit to perform the essential duties of this position. In particular, a consulting psychiatrist with the State Employee Health Services evaluated petitioner and opined that he was fit to perform his job duties only if he was physically supervised 80% of the time. Petitioner never objected to the imposition of this leave of absence by requesting a hearing (see Civil Service Law § 72 [1]).

In March 2004, petitioner sought reinstatement by requesting a medical examination pursuant to Civil Service Law § 72 (2). Following examinations and psychological testing, two physicians—the Employee Health Services' consulting psychiatrist who had twice previously examined petitioner and a clinical psychologist—opined that petitioner required constant supervision (i.e., supervision 100% of the time) to perform his duties. Based on these evaluations, coupled with the Department's representation that it could not accommodate this level of supervision, the medical director of Employee Health Services informed the Department that petitioner remained unfit to perform the essential duties of his job. The Department's subsequent notification to petitioner that he was being denied reinstatement prompted a timely appeal to respondent Civil Service Commission (see Civil Service Law § 72 [3]). While a Hearing Officer, following a hearing, recommended that petitioner be reinstated

---

* Civil Service Law § 55-b provides state employment opportunities in noncompetitive positions for individuals with physical and mental disabilities.

because the Department did not prove that he was mentally unfit to perform his job duties, this recommendation was not adopted by the Commission. Thus, in October 2006, petitioner was notified that his appeal had been denied, prompting this CPLR article 78 proceeding, which has been transferred to this Court (*see* CPLR 7804 [g]).

The only determination properly before this Court is the Commission's denial of petitioner's requested reinstatement to his position as a mail and supply clerk. Upon our review of the evidence adduced at the hearing, we are satisfied that this determination is supported by substantial evidence (*see* CPLR 7803 [4]), notwithstanding the Hearing Officer's recommendation (*see Matter of Bartlett v Dutchess County*, 189 AD2d 1027, 1028 [1993]; *see generally Matter of Stowe Potato Sales v McGuire*, 203 AD2d 755, 757 [1994], *lv denied* 84 NY2d 802 [1994]). There was sufficient evidence through medical testimony that petitioner suffers from impaired cognitive function, including deficits in his memory, concentration and focus, such that he is unable to perform his duties without an intense level of supervision. The Commission was certainly free to credit this medical evidence (*see Matter of Bartlett v Dutchess County*, 189 AD2d at 1028). Moreover, nonmedical evidence similarly established that petitioner, due to problems with memory, concentration and focus, is unable to complete relatively simple and routine tasks. Since substantial evidence supports the Commission's determination, it must be confirmed (*see id.*).

Petitioner's remaining arguments, to the extent germane to the instant proceeding, have been considered and rejected.

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.