In the Matter of MIRIAM BAHT LEVI, Petitioner, v THOMAS LAURO et al., Respondents. [872 NYS2d 194]—

Proceeding pursuant to CPLR article 78 to review a determination of Thomas Lauro, Commissioner of the Westchester County Department of Environmental Facilities, which adopted the report and recommendation of a hearing officer, dated October 4, 2004, made after a hearing, finding the petitioner guilty of 41 specifications of incompetency and/or misconduct, and suspended her from employment without pay for a period of 60 days.

Adjudged that the petition is granted to the extent that the determination with respect to specifications 14, 18, 40, and 41, is annulled and those specifications are dismissed; as so modified, the determination is confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed, on the merits, with costs to the respondents.

The petitioner, a receptionist at the respondent Westchester County Department of Environmental Facilities, was charged, inter alia, with arriving late to work on 35 occasions over a period of 15 months, and with having failed to call in ahead of time on four of those 35 occasions.

Contrary to the petitioner's contention, the hearing officer properly admitted into evidence time sheets indicating the dates and times the petitioner was late to work.

The petitioner contends that her tardiness was due to arthritic knees, which constituted a disability under the Americans with Disabilities Act (hereinafter ADA) (42 USC § 12101 et seq.), thus entitling her to a reasonable accommodation, which her employer failed to provide. However, the petitioner did not present any medical evidence to substantiate her claim that she suffers from a "physical impairment" such as arthritis (42 USC § 12102 [2]). Further, the petitioner failed to demonstrate that any alleged physical disability she suffers from substantially limits her ability to walk as she is able to walk "anywhere from four to . . . six blocks" during her commute to work (see Potenza v City of New York Dept. of Transp., 2001 WL 1267172, 2001 US Dist LEXIS 17112 [SD NY 2001], affd 365 F3d 165 [2004]; Hazeldine v Beverage Media, Ltd., 954 F Supp 697, 703-704 [1997]; Graver v National Eng'g Co., 1995 WL 443944, 1995 US Dist LEXIS 10405 [ND Ill 1995]). Finally, there was no evidence that during the period in question the petitioner informed her employer of her alleged disability or that she requested a reasonable accommodation within the

workplace (*see Hammon v DHL Airways, Inc.*, 165 F3d 441, 450 [1999]; *Walker v Connetquot Cent. School Dist. of Islip Cent.*, 2000 WL 821745, 2000 US App LEXIS 14620 [2d Cir 2000]).

In order to annul an administrative determination, a court must conclude that the record lacks substantial evidence to support the determination (*see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]). The respondents correctly concede that specification 40 is unsupported by substantial evidence. Therefore, we dismiss that specification (*see Matter of Hoyer v Coombe*, 224 AD2d 879, 880 [1996]). We also dismiss specifications 14 and 18, as the petitioner presented evidence that she had been granted sick leave to attend a doctor's appointment on those dates. However, the remaining specifications, with the exception of specification 41, are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Specification 41 must be dismissed as duplicative of those charges supported by substantial evidence (*see Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]).

The penalty imposed is not so disproportionate as to shock the judicial conscience as a matter of law (*see Matter of Rutkunas v Stout*, 8 NY3d 897, 899 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Thomas v County of Rockland, Dept. of Hosps.*, 55 AD3d 745 [2008]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.