■ In the Matter of THOMAS HUGHES, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, OFFICE OF COURT ADMINISTRATION, Respondent. [911 NYS2d 101]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Unified Court System, Office of Court Administration (Plumadore, J.), dated October 24, 2008, which sustained the recommendation of a hearing officer, made after a hearing, finding that the petitioner engaged in acts of misconduct and incompetency prejudicial to the good order and efficiency of the New York State Unified Court System and adversely reflecting on his fitness to continue as a court officer, and terminated him from his position as a court officer.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On February 5, 2007, the respondent New York State Unified Court System, Office of Court Administration (hereinafter OCA) filed administrative charges against the petitioner, Court Officer Thomas Hughes. After the ensuing hearing, a hearing officer found that, between September 2005 and December 2006, Hughes accelerated his car while it was in close proximity to his supervisor as the supervisor was entering a crosswalk, reported late for duty several times, was repeatedly insubordinate to several supervisors, failed to keep his uniform in proper condition,

failed to keep his weapon properly loaded, and kept an impermissible metal-jacketed round in his weapon, which was capable of piercing courthouse walls. In a determination dated October 24, 2008, OCA ordered that Hughes be terminated from his position as a Court Officer.

Hughes filed the instant petition on February 20, 2009, to review the determination of OCA. Appellate review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735 [2008]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Moreover, " '[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]). Hearsay evidence may be the basis for an administrative determination (*see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]).

Here, the determination was supported by substantial evidence. Moreover, the penalty of termination of employment was not so disproportionate to the misconduct as to shock the conscience (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County*, 34 NY2d 222, 223 [1974]; cf. *Matter of Muraik v Landi*, 19 AD3d 697, 697-698 [2005]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.