In the Matter of SLS RESIDENTIAL, INC., et al., Petitioners, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [933 NYS2d 318]—

The New York State Office of Mental Health (hereinafter OMH) issued operating certificates to the petitioner SLS Residential, Inc. (hereinafter SLS), for two mental health residential facilities and a clinic. In a prior proceeding involving the parties, this Court concluded that substantial evidence supported OMH's determination that SLS had violated statutes, regulations, and cease-and-desist directives concerning, inter alia, violation of patient rights, but annulled a fine imposed for unlawful use of restraints, since OMH's restraint policy had not been promulgated as a regulation (*see Matter of SLS Residential, Inc. v New York State Off. of Mental Health*, 67 AD3d 813 [2009]).

The instant proceeding was the result of new charges by OMH against SLS in a letter dated August 29, 2008, alleging, inter alia, that SLS lacked the character and competence to operate a program licensed by OMH, continued the use of illegal restraints, and continued violating patient rights. At the request of SLS, an administrative hearing was held before a hearing officer. In a corrected report dated July 30, 2010, the hearing officer found that OMH had proven all of the charges, save for the charges pertaining to the use of illegal restraints, which were dismissed based upon this Court's holding in the prior proceeding. OMH's Commissioner adopted the hearing officer's findings and revoked SLS's operating certificates. The petitioners commenced this proceeding to review that determination, which the Supreme Court transferred to this Court, based upon the substantial evidence issue which was posed (*see* CPLR 7804 [g]).

We reject the petitioners' contention that the Commissioner of OMH improperly adopted the hearing officer's report because it was untimely pursuant to 14 NYCRR 503.4 (i) (1). The parties implicitly agreed to waive this rule by agreeing to a briefing schedule which extended beyond the 30-day period after receipt of the hearing transcripts, the deadline otherwise imposed by the rule.

SLS did not establish bias based upon the adverse evidentiary rulings and unfavorable ultimate determination. "Nothing in the record constitutes the requisite 'factual demonstration supporting a claim of bias or that the ultimate determination resulted from that bias' " (*see Matter of Moro v Mills*, 70 AD3d

1269, 1271 [2010], quoting *Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 686 [2002]; *see Matter of Martinez v Scully*, 194 AD2d 679 [1993]).

Turning to the substantial evidence issue, we note that, under such review, courts "may not weigh the evidence or reject [the commissioner's] choice where the evidence is conflicting and room for a choice exists" (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75 [1983]). Moreover, "[h]earsay is admissible in an administrative hearing and, if sufficiently relevant and probative, hearsay alone may constitute substantial evidence (*see, Matter of Bryant v Coughlin*, 77 NY2d 642; *Matter of Gray v Adduci*, 73 NY2d 741; *Matter of Hutchinson v Coughlin*, 220 AD2d 419)" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Having reviewed the record accordingly, we are satisfied that the hearing officer's determination that all of the charges were sustained is supported by substantial evidence based upon the record as a whole (*see Matter of Curto v Cosgrove*, 256 AD2d 407 [1998]).

The petitioners' remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.