■ In the Matter of MELISSA A. BALDWIN, Petitioner, v BARBARA J. FIALA et al., Respondents. [958 NYS2d 757]—

Proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York State Department of Motor Vehicles Appeals Board dated April 26, 2011, confirming a determination of an administrative law judge, which, after a hearing held on December 22, 2010, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked her driver's license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Shortly after 11:00 p.m. on October 9, 2010, a Suffolk County police officer responded to a report of a motor vehicle accident at a specific location in Huntington. Upon arriving at the scene, he observed the petitioner standing in the vicinity of a damaged vehicle. As the petitioner appeared to be injured, the police officer summoned an ambulance, which transported her to the hospital. At approximately 12:30 a.m. on October 10, 2010, while at the hospital, the petitioner was arrested for driving while intoxicated, in violation of Vehicle and Traffic Law § 1192. As the petitioner allegedly refused to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (b), a hearing was conducted before an administrative law judge (hereinafter the ALJ) on December 22, 2010, pursuant to Vehicle and Traffic Law § 1194 (2) (c). After the hearing, the ALJ found that the statutory conditions mandating administrative revocation of the

petitioner's driver's license were met (*see* Vehicle and Traffic Law § 1194 [2] [c]), and revoked her driving privileges. The petitioner appealed to the Department of Motor Vehicles Appeals Board (hereinafter the Appeals Board). The Appeals Board confirmed the ALJ's determination. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the determination. The Supreme Court transferred the proceeding to this Court for disposition (*see* CPLR 7804 [g]).

"Appellate review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence" (*Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin.*, 78 AD3d 700, 701 [2010]; *see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]). Substantial evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). While substantial evidence consists of more than a " 'mere scintilla of evidence' " (*Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273 [1940]) or mere speculation or conjecture, it is less than a preponderance of the evidence (*see Matter of Benjamin v Carrion*, 79 AD3d 744 [2010]). Hearsay evidence may form the basis for an administrative determination (*see Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin.*, 78 AD3d at 701). "The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency" (*Matter of Wright v Commissioner of N.Y. State Dept. of Motor Vehs.*, 189 AD2d 767, 768 [1993]; *see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d at 839). In reaching a determination that a driver has violated a provision of the Vehicle and Traffic Law, an administrative law judge may rely on evidence such as a police officer's testimony (*see Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 85 AD3d 916 [2011]; *Matter of Hall v Swartz*, 61 AD3d 868 [2009]).

The evidence adduced at the hearing demonstrated that the police had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192, that the police lawfully arrested the petitioner, that the police gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused to submit to the chemical test (*see* Vehicle and Traffic Law § 1194 [2] [c]; *Matter of Robinson v Swarts*, 82 AD3d 986 [2011]).

We reject the petitioner's only contention, which was that the record did not support a finding that she had been operating the vehicle that was involved in the subject accident. The arresting officer testified, inter alia, that upon responding to a report of a motor vehicle accident, he observed the petitioner in an upset and apparently injured state, standing on the corner near a damaged vehicle at which point the petitioner stated that "I was going home and I got hit and my car is messed up." Under these circumstances, it was reasonable for the ALJ to infer that the petitioner, prior to standing on the corner, had been driving the vehicle which was involved in the accident. Accordingly, the officer's testimony was sufficient to sustain the ALJ's determination (*see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d at 840). Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.