The petitioner commenced this CPLR article 78 proceeding to review a determination of the New York State Department of Motor Vehicles Appeals Board, which confirmed the determination of an administrative law judge that he had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194. In his administrative appeal, the petitioner argued that *695 he was given incorrect explanations of the chemical test refusal warning in layman’s terms, which immediately preceded his refusal and negated any previous properly administered warnings. By order dated May 6, 2013, the Supreme Court, Nassau County, transferred the proceeding to this Court for disposition.
“Appellate review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence” (Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin., 78 AD3d 700, 701 [2010]; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 [2011]). Substantial evidence consists of “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). While substantial evidence consists of more than a “ ‘mere scintilla of evidence’ ” (Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947 [2012], quoting Matter of Stork Rest. v Boland, 282 NY 256, 273 [1940]) or mere speculation or conjecture, it is less than a preponderance of the evidence (see Matter of Marshall v Fischer, 103 AD3d 726 [2013]). Hearsay evidence may form the basis for an administrative determination (see Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin., 78 AD3d at 701). “The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency” (Matter of Wright v Commissioner of N.Y. State Dept. of Motor Vehs., 189 AD2d 767, 768 [1993]; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d at 839).
Here, the evidence adduced at the hearing demonstrated that the police gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test (see Vehicle and Traffic Law § 1194 [2] [c] [3]; Matter of Baldwin v Fiala, 102 AD3d 960 [2013]; Matter of Robinson v Swarts, 82 AD3d 986 [2011]). Contrary to the petitioner’s contention, the hearing transcript does not demonstrate that the testifying officer gave the petitioner an incorrect explanation of the refusal warnings in layman’s terms.
The petitioner’s remaining contention is not properly before this Court, as it was not raised at the administrative hearing (see Matter of Klapak v Blum, 65 NY2d 670, 672 [1985]; Matter of Molinsky v New York State Dept. of Motor Vehs., 105 AD3d 960, 960-961 [2013]). Mastro, J.P., Chambers, Lott and Miller, JJ., concur.