██ In the Matter of DANIEL GRAHAM, Petitioner, v NEW HAMPTON FIRE DISTRICT, Respondent. [16 NYS3d 616]—

Proceeding pursuant to CPLR article 78 to review a determination of the New Hampton Board of Fire Commissioners, dated April 30, 2013, which adopted in part and rejected in part the recommendation of a hearing officer, made after a hearing, and found the petitioner guilty of insubordination, misconduct, incompetence, and conduct unbecoming of a member of the fire department of the New Hampton Fire District, and thereupon terminated his employment.

Adjudged that the petition is granted, on the law, with costs to the petitioner, to the extent that so much of the determination as found the petitioner guilty of specification two of charge one and specification two of charge two is annulled, those specifications are dismissed, the penalty imposed is vacated, the determination is otherwise confirmed, and the matter is remitted to the New Hampton Board of Fire Commissioners for a consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter.

The petitioner was a volunteer member of the fire depart-

ment of the New Hampton Fire District (hereinafter the District). After a hearing, the New Hampton Board of Fire Commissioners (hereinafter the Board) found the petitioner guilty of two charges of insubordination, misconduct, incompetence, and conduct unbecoming of a member of the District's fire department. Specifications one and two of charge one alleged that the petitioner reported information or allowed someone to report information on his behalf to outside sources, specifically Breaking News Network (hereinafter BNN), a social networking site that reports emergency medical service, fire, and police calls to different subscribers. The petitioner was a reporter for BNN, and was assigned a designated reporter's code or identifying number. The petitioner was directed by his superiors not to report to BNN or allow anyone to use his BNN code in connection with any alarms with respect to which the District was called. An individual thereafter used the petitioner's BNN code to report on an alarm with respect to which the District was called.

Specification one of charge two alleged that the petitioner brought a firearm onto the Disctrict's property in violation of a resolution prohibiting the possession of firearms on that property. Specification two of charge two alleged that the petitioner threatened to shoot another member of the District's fire department, and had brandished or displayed a firearm in front of another member, or threatened to do so.

Pursuant to CPLR article 78, judicial review of an administrative determination made after a hearing at which evidence is taken is limited to consideration of whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Sica v Walker*, 115 AD3d 869, 869 [2014]; *Matter of Parker v Blauvelt Volunteer Fire Co.*, 222 AD2d 437, 437 [1995]).

The Board's determination as to specification one of charge one is supported by substantial evidence in the record (*cf. Matter of Parker v Blauvelt Volunteer Fire Co.*, 222 AD2d at 437; *Matter of Clarke v Board of Educ. of Vestal Cent. School Dist.*, 105 AD2d 893, 895 [1984]). However, the Board's determination that the petitioner committed misconduct in allowing another individual to use his BNN reporter's code, as alleged in specification two of charge one, must be annulled because it is duplicative of the Board's determination in connection with specification one of charge one (*see Matter of Levi v Lauro*, 58 AD3d 851, 853 [2009]). The petitioner's remaining contentions as to charge one are not properly before this Court.

With respect to specification one of charge two, the Board's determination was supported by substantial evidence. Although the Board credited one witness's testimony that was based in part upon the statements and observations of her children, hearsay statements are admissible in administrative proceedings, and may form the basis for an agency's determination (*see Matter of Wagner v Fiala*, 113 AD3d 694, 695 [2014]; *Matter of SLS Residential, Inc. v New York State Off. of Mental Health*, 89 AD3d 951, 953 [2011]; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth.*, 214 AD2d 727, 727 [1995]). The petitioner's contention that the Board should have credited testimony that the resolution prohibiting the possession and use of firearms had yet to be enacted as of the date when the petitioner had a firearm on the District's property is unavailing, as that testimony conflicted with other testimony and, here, the conflicting testimony presented issues of credibility. Where room for choice in administrative fact-finding exists, a reviewing court may not weigh the evidence or reject a rational credibility determination made by the administrative decision maker (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *Matter of Wagner v Fiala*, 113 AD3d at 695; *Matter of Ramirez v Commissioner of Labor of State of N.Y.*, 110 AD3d 901, 902 [2013]; *Matter of Kandekore v Commissioner of Motor Vehs.*, 225 AD2d 774, 774-775 [1996]; *Matter of Stowe Potato Sales v McGuire*, 203 AD2d 755, 757 [1994]).

The Board's determination with respect to specification two of charge two must be annulled, as the Board correctly concedes that that determination was not supported by substantial evidence (*see Matter of Ramirez v Schultz*, 13 AD3d 457, 458 [2004]).

Since the Board imposed a penalty of termination of the petitioner's membership in the District's fire department upon a finding that he was guilty of charges one and two, and we are dismissing specification two of charge one and specification two of charge two, we vacate the penalty and remit the matter to the Board to consider the appropriate penalty to be imposed upon the petitioner in connection with specification one of charge one and specification one of charge two, and for the imposition of that penalty thereafter (*see Matter of Peterson v City of Poughkeepsie*, 99 AD3d 714, 717 [2012]; *Matter of Berger v Board of Fire Commr. of the Jericho Fire Dist.*, 71 AD3d 881, 882 [2010]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.