Matter of Gazda v New York State Dept. of Motor Vehs. (2018 NY Slip Op 01921)





Matter of Gazda v New York State Dept. of Motor Vehs.


2018 NY Slip Op 01921


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-01528
 (Index No. 3141/15)

[*1]In the Matter of Marek Gazda, appellant, 
v
New York State Department of Motor Vehicles, respondent.


Goodrich & Bendish (Mauro Lilling Naparty, LLP, Woodbury, NY [Matthew W. Naparty and Seth M. Weinberg], of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated July 28, 2015, affirming a determination of an administrative law judge dated July 28, 2014, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked his driver license, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), dated January 4, 2016, which denied the petition and dismissed the proceeding on the ground that he failed to exhaust his administrative remedies.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the proceeding on the ground that the petitioner failed to exhaust his administrative remedies, and substituting therefor a provision dismissing the proceeding on the merits; as so modified, the judgment is affirmed, without costs or disbursements.
"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). In the context of CPLR article 78 proceedings, a reviewing court may not consider arguments that were not raised at the administrative level (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834; Matter of Klapak v Blum, 65 NY2d 670; Matter of Failing v Fiala, 111 AD3d 723, 724; Matter of Molinsky v New York State Dept. of Motor Vehs., 105 AD3d 960, 960-961; Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 713; Matter of Citylights at Queens Landing, Inc. v New York City Dept. of Envtl. Protection, 62 AD3d 871, 872; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 607). Here, contrary to the Supreme Court's determination, the issue of whether the petitioner was adequately warned of the consequences of refusing to submit to a chemical test to determine his blood alcohol content (see Vehicle and Traffic Law § 1194[2]) was raised and considered by the agency. Thus, the court erred in dismissing the proceeding on the ground that the petitioner failed to exhaust his administrative remedies.
Since the petition, now reinstated, raises an issue of substantial evidence and the full record is before this Court, this Court shall retain jurisdiction and decide the proceeding on the merits in the interest of judicial economy (cf. Matter of Tomczak v Bd. of Educ., 144 AD3d 1165, 1166; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772-773).
" To annul an administrative determination after a hearing directed by law at which [*2]evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination'" (Matter of DeMichele v Dept. of Motor Vehs. of N.Y. State, 136 AD3d 629, 630, quoting Matter of Mannino v Deptartment of Motor Vehs. of State of N.Y.-Traffic Violations Div., 101 AD3d 880, 880). "Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Wagner v Fiala, 113 AD3d 694, 695, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Substantial evidence consists of more than speculation, conjecture, or a mere scintilla of evidence (see Matter of Wagner v Fiala, 113 AD3d at 695; Matter of Marshall v Fischer, 103 AD3d 726; Matter of Miserendino v City of Mount Vernon, 96 AD3d 946). " The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency'" (Matter of Wagner v Fiala, 113 AD3d at 695, quoting Matter of Wright v Commissioner of N.Y. State Dept. of Motor Vehs., 189 AD2d 767, 768).
Here, the evidence adduced at the hearing demonstrated that the arresting officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test (see Vehicle and Traffic Law § 1194[2][c][3]; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669; Matter of Wagner v Fiala, 113 AD3d at 695). Contrary to the petitioner's contention, the record does not demonstrate that the arresting officer, who testified at the hearing, gave the petitioner an incorrect explanation of the refusal warnings (see Matter of Wagner v Fiala, 113 AD3d at 695). The findings of the administrative law judge are supported by substantial evidence in the record, and the New York State Department of Motor Vehicles Administrative Appeals Board properly drew an adverse inference from the petitioner's failure to testify at the hearing (see Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d at 669).
The petitioner's remaining contentions either are without merit or have been rendered academic by our determination.
Accordingly, the Supreme Court should have dismissed the proceeding on the merits.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court