Matter of Anderson v New York State Div. of Hous. & Community Renewal
2026 NY Slip Op 03959
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Cheryl Anderson, petitioner-respondent,
v
New York State Division of Housing and Community Renewal, respondent, 192 BSD Realty, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-08436, (Index No. 500086/21)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Nativ Winiarsky and Patrick Munson of counsel), for appellant.
Twyla Carter, New York, NY (Joanna C. Laine and Adriene Holder of counsel), for petitioner-respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 6, 2020, which granted a petition for administrative review and revoked a determination of a Rent Administrator dated October 4, 2018, finding a rent overcharge, 192 BSD Realty, LLC, appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated June 12, 2023. The order and judgment, insofar as appealed from, granted the petition, annulled the determination dated November 6, 2020, reinstated the rent overcharge complaint, and remitted the matter to the New York State Division of Housing and Community Renewal.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In 2013, a tenant (hereinafter the prior tenant) of apartment 2R, a rent-stabilized apartment at 192 Jefferson Street, Brooklyn (hereinafter the apartment), filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (hereinafter DHCR) against 192 BSD Realty, LLC, the owner of the apartment building (hereinafter the owner). In October 2018, a Rent Administrator of the DHCR granted the prior tenant's rent overcharge complaint. The owner administratively appealed that determination. By determination dated November 6, 2020, a Deputy Commissioner of the DHCR granted the owner's petition for administrative review and revoked the determination of the Rent Administrator on the ground, among others, that the apartment had become deregulated through high-rent vacancy in 2009.
The petitioner, the current tenant of the apartment, commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court concluded that the Deputy Commissioner's determination was arbitrary and capricious. The court granted the petition, annulled the Deputy Commissioner's determination, reinstated the rent overcharge complaint, and remitted the matter to the DHCR. The owner appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Segal v New York State Div. of Hous. & Community Renewal, 241 AD3d 695, 696; see CPLR 7803[3]). Here, the Supreme Court properly determined that the Deputy Commissioner's determination was arbitrary and capricious. Contrary to the Deputy Commissioner's conclusion, the apartment was not deregulated in 2009 due to high-rent vacancy. Moreover, there was no evidence that the apartment was vacant on the base date. Since the owner has failed to file a proper and timely annual rent registration statement since 2007, the court properly determined the rent to be frozen at the amount of $1,266 (see Matter of 247-253 W. 116 LLC v New York State Div. of Hous. & Community Renewal, 178 AD3d 482, 483; Moore v Greystone Props. 81 LLC, 176 AD3d 516, 516; Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684).
The owner's contention regarding the base date for the petitioner's overcharge complaint is not properly before this Court (see Matter of Wagner v Fiala, 113 AD3d 694, 695).
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court