■ In the Matter of LLOYD HALL, Appellant, v DAVID J. SWARTZ, Respondent, et al., Respondent. [877 NYS2d 410]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated January 11, 2008, which confirmed a determination of an administrative law judge dated December 6, 2006, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1180, imposed a fine in the sum of $180 plus a surcharge, and revoked the petitioner's driver's license.

Adjudged that the determination dated January 11, 2008, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the finding that he violated Vehicle and Traffic Law § 1180 by speeding is supported by substantial evidence (see Matter of Namer v Martinez, 26 AD3d 498 [2006]; Matter of Clarke v Martinez, 14 AD3d 612, 612-613 [2005]; Matter of Koenigsberg v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 8 AD3d 383, 383 [2004]; Matter of Mataragas v New York State Dept. of Motor Vehs., 6 AD3d 537, 538 [2004]; Matter of Gentile v Jackson, 273 AD2d 235 [2000]). The administrative law judge properly relied on a police officer's testimony that the officer had been trained in visually estimating speed and his visual estimate of the speed of the petitioner's car, which, together with the reading from the stationary radar device in the officer's patrol car, were sufficient to sustain the determination that the petitioner violated Vehicle

and Traffic Law § 1180 (*see Matter of Clarke v Martinez*, 14 AD3d at 612-613; *Matter of Mataragas v New York State Dept. of Motor Vehs.*, 6 AD3d at 538; *Matter of DeOliveira v New York State Dept. of Motor Vehs.*, 271 AD2d 607, 608 [2000]; *Matter of Neiman v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 265 AD2d 558, 558 [1999]; *Matter of Howe v Adduci*, 226 AD2d 377, 377-378 [1996]; *Matter of Pernick v New York State Dept. of Motor Vehs.*, 217 AD2d 630, 631 [1995]).

The petitioner's remaining contention is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.