■ In the Matter of BRUCE P. KOBEL, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD et al., Respondents. [925 NYS2d 602]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated April 2, 2010, affirming a determination of an Administrative Law Judge dated November 18, 2009, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1180 (d), and imposed a $150 fine.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination that he violated Vehicle and Traffic Law § 1180 (d) by speeding is supported by substantial evidence (*see Matter of Mataragas v New York State Dept. of Motor Vehs.*, 6 AD3d 537 [2004]; *Matter of Gentile v Jackson*, 273 AD2d 235 [2000]; 15 NYCRR 126.5). The Administrative Law Judge properly relied on the testimony of a patrol officer that he had been trained in both the visual estimation of the speed of a motor vehicle and the operation of a laser speed-detection device. This testimony, taken together with the officer's visual estimate of the speed of the petitioner's vehicle, as corroborated by the reading from a calibrated laser speed-detection device, was sufficient to support the determination of the administrative law judge (*see Matter of Clarke v Martinez*, 14 AD3d 612, 612-613 [2005]; *Matter of Koenigsberg v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 8 AD3d 383 [2004]).

The petitioner's contention that the readout of the laser speed-detection device was inadmissible as evidence is unpre-

served for review. The petitioner's argument that the patrol officer was not a credible witness as a matter of law is also unpreserved for review. Finally, the petitioner's claim of bias by the Administrative Law Judge is without merit. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.