Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated December 27, 2010, confirming a determination of an Administrative Law Judge dated June 29, 2010, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1180 (d) (2), and imposed a fine in the sum of $90, plus a surcharge.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner’s contention, the determination that he violated Vehicle and Traffic Law § 1180 (d) (2) by speeding is supported by substantial evidence (see Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 85 AD3d 916 [2011]; Matter of Hall v Swartz, 61 AD3d 868 [2009]; Matter of Namer v Martinez, 26 AD3d 498 [2006]; Matter of Clarke v Martinez, 14 AD3d 612 [2005]; Matter of Koenigsberg v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 8 AD3d 383 [2004]; Matter of Mataragas v New York State Dept. of Motor Vehs., 6 AD3d 537, 538 [2004]). The Administrative Law Judge properly relied on the police officer’s testimony concerning his visual estimate of the speed of the petitioner’s vehicle as well as the reading of the radar device in the officer’s vehicle. This testimony was sufficient to sustain the determination that the petitioner violated Vehicle and Traffic Law § 1180 (d) (2) (see Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 85 AD3d at 916; Matter of Hall v Swartz, 61 AD3d at 868-869; Matter of Clarke v Martinez, 14 AD3d at 612-613).
The petitioner’s remaining contentions are without merit, or Eire not properly before this Court because they were not raised *961 at the administrative hearing (see Matter of Klapak v Blum, 65 NY2d 670, 672 [1985]; Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 714 [2011]).
Rivera, J.E, Dickerson, Leventhal and Hinds-Radix, JJ., concur.