Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated April 11, 2011, confirming a determination of an administrative law judge dated November 24, 2010, made after a hearing, that the petitioner violated Vehicle and Traffic Law §§ 1128 (a) and 1180 (d), imposed fines in *1076 the amount of $75 and $300, respectively, and suspended his driver license for 31 days.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner’s contention, the subject Triborough Bridge and Tunnel Authority (hereinafter TBTA) peace officer was acting pursuant to his special duties when he issued summonses for infractions that occurred as the petitioner’s vehicle was approaching the Verrazano Narrows Bridge (hereinafter the Bridge), notwithstanding the fact that the petitioner ultimately left the expressway in Brooklyn at the final exit before the Bridge, since the TBTA Officer testified that he was specifically assigned to enforce speed and traffic laws at TBTA sites, including the roadways approaching TBTA bridges and tunnels (see CPL 2.10 [20]; 2.20 [1], [2]).
The petitioner was provided with adequate notice of the charges in this administrative proceeding, as the notice was "reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights [were] being determined of the charges against him and to allow for the preparation of an adequate defense” (Matter of Block v Ambach, 73 NY2d 323, 333 [1989] [citation omitted]).
The determinations that the petitioner violated Vehicle and Traffic Law §§ 1128 (a) and 1180 (d) are supported by substantial evidence (see Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 85 AD3d 916, 916 [2011]; Matter of Mataragas v New York State Dept. of Motor Vehs., 6 AD3d 537, 538 [2004]). The Administrative Law Judge properly relied on the TBTA officer’s testimony concerning his visual estimate of the speed of the petitioner’s vehicle, as well as his pacing of the vehicle for more than one mile using his vehicle’s speedometer. This testimony was sufficient to sustain the determination that the petitioner violated Vehicle and Traffic Law § 1180 (d) (see Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 85 AD3d at 916; Matter of Hall v Swartz, 61 AD3d 868, 868-869 [2009]). Furthermore, the officer’s testimony that he observed the petitioner change lanes in front of another vehicle without signaling during heavy rain, which forced the other driver to brake suddenly and veer to the left in order to avoid a collision, was sufficient to sustain the determination that the petitioner violated Vehicle and Traffic Law § 1128 (a) (see generally Matter of Scara-Mix, Inc. v Martinez, 305 AD2d 418 [2003]).
The 31-day suspension of the petitioner’s driver license was not so disproportionate to the offenses, in the light of all the cir *1077 cumstances, as to be shocking to one’s sense of fairness so as to constitute an abuse of discretion as a matter of law (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). Rivera, J.P., Roman, Sgroi and Cohen JJ., concur.