■ In the Matter of MUHAMMAD FAISAL, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [21 NYS3d 707]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated May 16, 2013, confirming a determination of an administrative law judge dated May 22, 2012, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1180 (d) and revoked his driver license.

Adjudged that the determination is confirmed, the petition is

denied, and the proceeding is dismissed on the merits, with costs.

The determination under review was supported by substantial evidence (*see e.g. Matter of Molinsky v New York State Dept. of Motor Vehs.*, 105 AD3d 960 [2013]; *Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 85 AD3d 916 [2011]). The administrative law judge properly relied on the police witness's testimony concerning his visual estimate of the speed of the petitioner's vehicle as well as the reading of the radar device (*see Matter of Molinsky v New York State Dept. of Motor Vehs.*, 105 AD3d at 960). We note that there was a significant difference between the posted speed limit, which was 40 miles per hour, and the 70 miles per hour at which the police witness visually estimated the speed of the petitioner's vehicle, an estimation that was promptly confirmed by a radar indication that the petitioner's actual speed was 71 miles per hour.

The petitioner raises certain evidentiary objections that were not raised at the administrative hearing, when any alleged error might have been cured. These arguments are unpreserved for review (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879 [2001]; *see also Matter of Kobel v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 85 AD3d at 916-917).

Contrary to the petitioner's additional contention, the minor gaps and errors in the hearing transcript do not preclude meaningful review of the hearing (*see Matter of Stephens v Lee*, 115 AD3d 964, 965 [2014]; *cf. Matter of White v Fischer*, 73 AD3d 1372 [2010]). The petition alleges that a police sergeant was the sole witness at the hearing, and there is no indication anywhere in the record that the petitioner was sworn in as a witness. Even assuming that the transcript of the hearing omits certain unsworn statements supposedly interjected by the petitioner at some point during the course of the hearing, as he alleged in an affidavit submitted to the Appeals Board, the subject statements would not affect the validity of the determination under review.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.